**Meena KUMARI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–4208.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2004.

Before SILER, MOORE, and COLE, Circuit Judges.

## ORDER

Meena Kumari, a citizen of India currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision ordering her removal from the United States due to marriage fraud. Counsel for Kumari did not respond to a request to show cause why oral argument would be necessary in this case, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kumari entered this country in 1992 on a visitor's visa. Shortly thereafter, she married an American citizen. Kumari and her spouse sought to adjust her status to that of a permanent resident. An interview of Kumari and her spouse indicated that they were probably not actually living together as husband and wife. The spouse was subsequently interviewed separately, and admitted that he had married Kumari in order to procure her admission as an immigrant, that they had never lived together, and that he had received one thousand dollars in payment for marrying Kumari. He withdrew the petition to adjust status, and Kumari was placed in removal proceedings. The spouse was subsequently killed in an automobile accident. A hearing was held before an immigration judge (IJ), at which Kumari and several witnesses testified. The IJ concluded that the evidence was overwhelming that Kumari had engaged in marriage fraud for the purpose of evading the immigration laws, and ordered her removal to India. Kumari appealed to the Board of Immigration Appeals (BIA). A single member of the BIA affirmed the IJ's decision without opinion under a new "streamlined" procedure.

In her brief before this court, Kumari argues that the streamlined procedure employed by the BIA denied her due process. The case was held in abeyance pending this court's decision in *Denko v. INS*, 351 F.3d 717 (6th Cir.2003).

Kumari raises only a due process claim, which is subject to de novo review.

*Denko,* 351 F.3d at 726. For the reasons stated in *Denko,* Kumari's due process challenge to the streamlined procedure before the BIA is without merit. *Id.* at 727–32. We also note that Kumari failed to establish a denial of due process because she failed to show that, absent the streamlined procedure, she would have been entitled to relief. *Huicochea–Gomez v. INS,* 237 F.3d 696, 699–701 (6th Cir.2001). Kumari raises no argument in her brief on the merits of her case, and has therefore waived review of the IJ's decision. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). Finally, even if the waiver were overlooked, the IJ's finding of marriage fraud is supported by substantial evidence. For all of the above reasons, the petition for review is denied.