**Petrit KURBINI, Petitioner,**

v.

**Carol JENNIFER, District Director; Immigration and Naturalization Service; John Ashcroft, Attorney General, Respondents.**

No. 02–4252.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2004.

348

Andrea J. Ferrara, Law Offices of Andrea J. Ferrara, Eastpointe, MI, for Petitioner.

Richard M. Evans, Patricia L. Buchanan, U.S. Department of Justice, Washington, DC, for Respondents.

Before NELSON and COOK, Circuit Judges; and ROSEN, District Judge.*

## ORDER

Petrit Kurbini, a citizen of Albania, petitions through counsel for review of an order of the Board of Immigration Appeals denying his motion to reopen or reconsider the affirmance of an immigration judge's decision denying his requests for asylum, withholding of removal, and relief under the United Nations Convention Against

Torture. Counsel for Kurbini did not respond to a request to show cause why oral argument would be necessary in this case, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kurbini was born in Albania in 1970. He attempted to enter this country in 1998 without a valid passport and visa, and was placed in removal proceedings. He conceded removability and requested the relief set forth above on the basis that he feared persecution in Albania due to his known opposition to the ruling Socialist Party. A hearing was held before an immigration judge (IJ), who denied the requests for relief. The Board of Immigration Appeals (BIA) affirmed the decision without opinion on April 30, 2002, but Kurbini asserts that his former counsel did not inform him of this decision. He was ordered to report for removal on July 12, 2002, and on July 30, through new counsel, he moved to reopen and reconsider, arguing that he was denied effective assistance because his former counsel had been suspended from the practice of law and her father, an attorney, filed a brief before the BIA that was rejected as untimely.

The BIA denied the motion, noting that it was properly construed as a motion to reconsider rather than a motion to reopen, that it was not timely filed, and that Kurbini had failed to demonstrate any prejudice resulting from the failure to file a timely brief. In his brief before this court, Kurbini argues that the BIA erred in construing his motion as one to reconsider rather than one to reopen, that equitable tolling rendered the motion timely, and that he established prejudice in that the BIA's summary affirmance of the denial of relief,

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

without the benefit of a brief on Kurbini's behalf, was fundamentally unfair.

The denial of a motion to reopen removal proceedings is reviewed for an abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Upon consideration, we conclude that no abuse of discretion can be demonstrated in this case because Kurbini failed to establish the merits of his ineffective assistance of counsel claim by showing he was prejudiced by counsel's failure to file a timely brief before the BIA.

Kurbini's argument that the BIA frequently treats motions based on claims of ineffective assistance of counsel as motions to reopen rather than motions to reconsider may have merit. See *Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003). Similarly, his argument that his former counsel's deception regarding the status of his appeal equitably tolled the time period for filing a motion to reopen may also be persuasive. *Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002). However, we need not reach either of these arguments, because the BIA concluded in the alternative that, even if the motion to reopen were timely, it failed due to Kurbini's inability to establish that the alleged ineffective assistance of counsel prejudiced his administrative appeal on the merits. *Huicochea–Gomez v. INS*, 237 F.3d 696, 699–700 (6th Cir.2001).

Kurbini argues that his attorneys' failure to file a timely brief before the BIA caused prejudice. He has not shown, however, that his appeal would have been successful but for the failure to file a brief. He has presented nothing that challenges the IJ's underlying conclusion that his testimony was not credible and has not established that he was eligible for asylum. It follows that Kurbini cannot prevail on his claim of ineffective assistance of counsel.

See *Huicochea–Gomez*, 237 F.3d at 699–700.

Kurbini argues further that he was prejudiced when the BIA affirmed the IJ's decision without opinion. But the BIA's action is not attributable to Kurbini's attorneys' errors. In any event, an argument that affirmance without opinion violates an aliens' due process rights has recently been rejected in *Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003).

For all of the above reasons, the petition for review is denied.