Magdalina SIMKO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.

No. 03–3094.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Svetlana J. Schreiber, Schreiber, Rossman & Associates, Cleveland, OH, for Petitioner.

Christopher C. Fuller, William C. Minick, Linda S. Wernery, U.S. Department of Justice, Washington, DC, for Respondents.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Magdalina Simko petitions for judicial review of an order by the Board of Immigration Appeals (BIA) which dismissed her appeal of an immigration judge's (IJ) determination that she was subject to removal despite her applications for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Simko is a native and citizen of the Ukraine, who entered the United States as a nonimmigrant visitor for pleasure with authorization to remain for a temporary period of time in 1997. The Immigration and Naturalization Service initiated removal proceedings against Simko in 1998, alleging that she had remained in the United States longer than permitted. Simko conceded removability and applied for asylum, the withholding of removal, voluntary departure, and relief under the Convention Against Torture.

The IJ conducted a hearing on April 18, 2000, at which Simko was represented by counsel. Simko testified that she was a lifelong practicing Catholic in the Ukraine; that in 1960 her grade school teacher singled her out for wearing a cross and she was expelled from a school organization; that in 1977 she was detained for one day by the police and interrogated about her association with a nun; and that in 1980 or 1981 teenagers threw stones at her children and her mother, and poured water on them as they were going to church. Simko testified that she left the Ukraine in 1991, but her husband, daughter, and mother have remained in the Ukraine.

Her daughter attends church there and her family has not been harmed.

The IJ determined that the events about which Simko testified constituted discrimination, not rising to the level of past persecution. The IJ found Simko's testimony too vague to meet her burden of proof. The IJ also noted that the discrimination was too remote in time, was rebutted by changes in the country's conditions, and was undermined by the fact that Simko's family has remained in the Ukraine unharmed. The IJ also denied the applications for asylum and for the withholding of removal as Simko had not shown that she was persecuted in the past or that she had a well-founded fear of persecution in the future. The IJ also denied Simko's request for relief under the Convention Against Torture, but granted her request for voluntary departure.

On appeal, Simko requested a remand based on ineffective assistance of counsel. Simko claimed her attorney failed to elicit the fact that she had been raped by a guard while in detention in 1977. Therefore, his representation was ineffective. The BIA adopted the IJ's findings, denied the request for a remand, and dismissed Simko's administrative appeal on December 20, 2002.

Simko filed a timely petition for judicial review on January 21, 2003. In her petition, Simko asserts that the IJ erred in concluding that Simko's testimony was too vague and insufficient, that the BIA erred in concluding that the persecution of Simko was too remote in time, and that Simko's asylum procedure did not satisfy due process.

The resolution of an asylum request involves a two-part inquiry. *Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). Simko must show not only that she is a refugee, but also that her application merits a favorable exercise of administrative discretion. *See id.* The IJ did not reach the discretionary step here, as Simko did not meet her burden of showing that she is a refugee. A "refugee" is defined as an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42)(A); *accord INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001).

An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch,* 146 F.3d at 391. However, the burden of proving eligibility for asylum is less than the burden of proving entitlement to withholding. *Id.* Thus, the failure to show that Simko is eligible for asylum will also show that she is not entitled to the withholding of removal. *See id.*

■ Simko asserts that her attorney was ineffective and therefore her due process rights were denied. Simko states that her attorney was unprepared at the hearing, admittedly failed to forward evidence to the court, and failed to elicit her testimony concerning the rape. Simko also argues that her attorney failed to explain the relief of voluntary departure which she received from the IJ. Simko states her attorney failed to inform her of the required bond for the voluntary departure and the limited time she had to post the bond. Based on these facts, Simko states that her attorney's actions constituted ineffective assistance.

Because "[a] deportation proceeding is a purely civil action." *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), an ineffective assistance of counsel claim is reviewed under the Due Process Clause of the Fifth Amendment rather than under the Sixth Amendment. "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing." *Huicochea–Gomez v. INS,* 237 F.3d 696, 699 (6th Cir. 2001). Ineffective assistance of counsel in a deportation proceeding will rise to the level of a due process violation "only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ramirez–Durazo v. INS,* 794 F.2d 491, 499–500 (9th Cir.1986). The alien will succeed if she meets her burden of showing more than "mere[ ] ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Id.* at 500; *see also Huicochea–Gomez,* 237 F.3d at 699.

The BIA determined that Simko did not receive ineffective assistance of counsel because Simko did not present sufficient evidence to establish that she was prejudiced by her former lawyer's conduct. The BIA noted that Simko failed to provide evidence that her alleged rape was because of her religion, rather than the lawless act of a guard, "or that she had a well-founded fear of future persecution or is likely to be tortured if she returns to the Ukraine because of this incident." Although Simko asserts that her counsel did not elicit her testimony concerning the rape, there is nothing in the record showing that Simko was prevented from voluntarily providing this testimony. Even if the testimony was provided, the outcome would not have changed as the remaining evidence did not indicate that Simko would be subjected to religious persecution if she was returned to the Ukraine.

■ Simko argues that the BIA abused its discretion in concluding that her persecution was too remote in time and by concluding that her testimony was vague and insufficient. Not all mistreatment constitutes persecution. *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (recognizing that "[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act"); *see also Bastanipour v. INS,* 980 F.2d 1129, 1133 (7th Cir.1992) (distinguishing persecution "from mere discrimination or harassment").

The IJ determined that while Simko suffered discrimination and harassment in the Ukraine based on her Catholic religion, it was not so severe as to rise to the level of persecution. Simko presented to the IJ evidence of only three incidents occurring in 1960, 1977, and 1980 or 1981. The most recent of those three incidents occurred more than twenty years ago. Moreover, these incidents—a childhood encounter with a teacher, a one day detention and interrogation regarding an associate, and being harassed by teenagers on the way to church—constitute religious discrimination, not persecution. Absent any evidence of persecution, there is substantial evidence in the record supporting the IJ's determination that the events in question are too remote in time and that Simko's testimony was too vague to meet her burden of proof for asylum.

■ Substantial evidence also supports the IJ's finding that Simko did not demonstrate a well-founded fear of future persecution in the Ukraine because of changes in the country's conditions. Simko conceded that her husband, second daughter,

and mother have remained in the Ukraine since she left ten years ago, that her daughter attends church, and that her family has not been harmed. The IJ concluded that Simko did not rebut the substantial evidence in the record of changes in the country's condition since her departure from the Ukraine. The uncontroverted evidence of changed conditions supports the IJ's finding that Simko's fear of future persecution in the Ukraine is not well-founded. *See Mikhailevitch,* 146 F.3d at 390.

The petition for judicial review is denied.