**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0018n.06**
**Filed: January 6, 2005**

**No. 03-3049**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT MIHLLAQ BICJA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IMMIGRATION AND NATURALIZATION | ) | ON PETITION FOR REVIEW OF AN |
| SERVICE, | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: NORRIS and COOK, Circuit Judges; BECKWITH, District Judge.[*]

COOK, Circuit Judge. Petitioner Robert Bicja seeks review of a final order of removal. Because substantial evidence supports the IJ's determinations, we deny the petition for review.

I. Facts

Bicja, a citizen of Albania, entered the United States as a non-immigrant visitor for pleasure. Bicja remained in the United States after his visa expired, and the INS initiated removal proceedings

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

against him.  Conceding removability, Bicja maintained that his eligibility for asylum warranted relief from removal.

Bicja testified that he and his family suffered mistreatment under the former Communist regime, including confinement in an internment camp for approximately seven years when Bicja was a young child.  Years after his release from the camp, Bicja won admittance to Albania's Art Institute.  But the Institute expelled him after three weeks because it discovered his family's past imprisonment.

Later, Bicja joined the youth forum of the Democratic Party and became active in the Democratic movement.  Bicja also joined the Association of Formerly Politically Persecuted Democrats.[1]  Bicja insists that he endured arrests and beatings, as well as an attempt on his life, because of his political involvement with these organizations.

Although the IJ viewed Bicja's testimony "in the best light," despite credibility concerns, he nonetheless concluded that Bicja failed to establish either past persecution or a well-founded fear of future persecution.  Consequently, the IJ denied Bicja's request for asylum.  The IJ further found Bicja ineligible for withholding of removal and relief under the Convention Against Torture, but granted his alternative request for voluntary departure.

---

[1]Bicja also refers to this association as the Formerly Politically Persecuted Persons Association.

Bicja appealed the IJ's decision to the Board of Immigration Appeals, which affirmed without opinion. Because the Board adopted the decision of the IJ in lieu of issuing its own opinion, we review the IJ's decision as the final agency decision. *Abay v. Ashcroft*, 368 F.3d 634, 637-38 (6th Cir. 2004); *Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003).

## II. Analysis

### A. Asylum

Bicja challenges the IJ's denial of his request for asylum. We must uphold the IJ's determination if "reasonable, substantial, and probative evidence on the record considered as a whole" supports it. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998) (citations and internal quotation marks omitted). To demonstrate eligibility for asylum, an applicant must first prove that he qualifies as a refugee either because he suffered past persecution or because he has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id*. at 389. If an applicant successfully establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable only by a showing that country conditions "have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return." *Id*. (citation and internal quotation marks omitted).

### 1. Past Persecution

The IJ concluded that Bicja failed to satisfy his burden regarding past persecution. Though he believed Bicja's account of his arrests and beatings, he deemed Bicja's assertion that political reasons motivated the incidents unconvincing. Applying the deferential substantial evidence standard, we may grant Bicja's petition for review only if his evidence "'not only supports a contrary conclusion, but indeed *compels* it.'" *Id*. at 388 (quoting *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992).

Here, the IJ doubted that the Democratic Party-powered government would target members of the youth forum of the Democratic Party or that the Association of Formerly Politically Persecuted Democrats was sufficiently political to incite the government to harm its members. Because nothing in the record compels us to reach a different conclusion, we must uphold the IJ's determination. *See Mullai v. Ashcroft*, 385 F.3d 635, 638 (6th Cir. 2004) (upholding denial of asylum where the applicant's treatment by the government "could be reasonably viewed as motivated by her status as a protestor rather than religious persecution").

## 2. Well-Founded Fear of Future Persecution

The IJ similarly rejected Bicja's claim that he feared future persecution. Because Bicja failed to establish past persecution, he retained the burden of proving a well-founded fear of future persecution that was both subjectively genuine and objectively reasonable. *Mikhailevitch*, 146 F.3d at 389. The IJ concluded that changed country conditions in Albania prevented Bicja from satisfying this burden. Specifically, the IJ noted that the Socialist Party now controls Albania and

that Bicja presented no evidence that the current Socialist leaders persecute members of the political groups to which Bicja belonged.

The United States Department of State country reports, included in the administrative record, support the IJ's conclusions. Bicja disputes the reports' characterization of conditions in Albania. But this circuit has recognized that such reports generally represent "the best source of information on conditions in foreign nations." *Mullai* 385 F.3d at 639 (citation and internal quotation marks omitted). Accordingly, we have relied on them when reviewing an IJ's decision, notwithstanding their imperfections. *Id*. Doing so here, we agree that Bicja "has not demonstrated that the current government controlled by the Socialist Party would target [him] for persecution," *Id*. We must, therefore, uphold the IJ's determination that Bicja failed to establish a well-founded fear of future persecution.

Because substantial evidence supports the IJ's conclusion that Bicja neither suffered past persecution nor has a well-founded fear of future persecution, it follows that the IJ correctly denied asylum.[2]

### B. Due Process

Bicja also argues that the IJ violated his due process rights by cutting off his testimony, questioning Bicja from the bench, disallowing a witness's testimony, and demonstrating bias. We

---

[2]Because Bicja fails to prove eligibility for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *Koliada v. INS*, 259 F.3d 482, 489 (6th Cir. 2001).

review de novo Bicja's due process claims premised on the IJ's hearing procedures. *Castellano-Chacon v. INS*, 341 F.3d 533, 552-53 (6th Cir. 2003); *Ivezaj v. INS*, 84 F.3d 215, 220 (6th Cir. 1996).

"It is well established that the Fifth Amendment entitles aliens to due process of law..." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Accordingly, the Constitution guaranteed Bicja a full and fair hearing. *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). "To constitute fundamental unfairness, however, a defect in the removal proceedings must have been such as might have led to a denial of justice." *Id*. (citations and internal quotation marks omitted). Thus, Bicja must not only demonstrate that the IJ erred, but must also identify specific prejudice resulting from the error. *Castellano-Chacon*, 341 F.3d at 553.

Bicja alleges that by interrupting him and limiting his answers, the IJ prevented him from fully explaining his history of abuse. But the IJ permitted Bicja to testify with lengthy narratives during direct examination, giving Bicja ample opportunity to describe his alleged persecution. "[T]he IJ did no more than exercise his quasi-judicial powers to control the pace of the hearings, and to focus the hearings on relevant matters." *Ivezaj*, 84 F.3d at 220.

Bicja also maintains that the IJ "improperly took over the role of prosecutor in cross-examining" him. Bicja concedes the IJ's entitlement to question a witness, however, and we find nothing in the IJ's manner of questioning that rises to the level of a due process violation.

Nor do we find fault in the IJ's refusal to hear cumulative testimony from one of Bicja's witnesses. Bicja informed the IJ that his witness would testify that she knew Bicja's family and confirm Bicja's membership in the Association of Formerly Politically Persecuted Democrats. After considering Bicja's response, the IJ expressed doubt as to the witness's utility but left room for Bicja's counsel to further advocate the witness's value: "I really don't see anything that [the witness] is going to add unless you can think of something." Bicja's counsel declined to advance additional arguments on the issue, and we cannot conclude that the IJ erred. Moreover, even assuming error, we deem any error harmless in view of Bicja offering no more than "general statements" that he suffered prejudice. *Castellano-Chacon*, 341 F.3d at 553. We also reject Bicja's contention that the IJ manifested bias towards him or his case. Reviewing the entire hearing transcript for context, we discern no evidence of bias.

Finding that Bicja received a full and fair hearing, we conclude that he suffered no violation of his due process rights.

## C. BIA Affirmance Without Opinion

Finally, Bicja challenges the BIA's use of summary affirmance procedures under 8 C.F.R. § 1003.1(e). We disagree that the BIA's treatment of this case violated the regulations. Moreover, because we review the IJ's decision directly, "our ability to conduct a full and fair appraisal of [Bicja's] case is not compromised." *Denko, 351 F.3d* at 732 (citations and internal quotations omitted).

### III. Conclusion

Because substantial evidence supports the IJ's denial of asylum in this case, and because

Bicja's hearing comported with due process, we deny the petition for review.