**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0382n.06
Filed: May 31, 2006

**No. 04-3759**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| KHADIJA BA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW OF AN |
| v. | ) ORDER OF THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| ALBERTO GONZALES, Attorney General, | ) |
| | ) |
| Respondent. | ) |

Before:  DAUGHTREY and COOK, Circuit Judges; CARR, District Judge.*

PER CURIAM.  Khadija Ba petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen removal proceedings.

This citizen of Mauritania conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ denied Ba's application, finding her not credible because of inconsistent testimony.  The IJ added that even if Ba were credible, he would still deny her application on the basis of changed country conditions.

Ba appealed to the BIA.  Despite indicating in her notice of appeal that she would submit a brief, no brief was filed.  The absence of the brief triggered a summary dismissal of Ba's motion,

---

*The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

but the BIA Order also included the substantive conclusion that the Board was "not persuaded" the IJ erred.

Ba, through new counsel, moved to reopen removal proceedings, alleging ineffective assistance of counsel. Ba argues that counsel's failure to submit a brief deprived her of the "right to seek a petition for review to this Court from the denial of her asylum." With its 2004 Order the BIA denied the motion because Ba "fail[ed] to show that she was prejudiced by her attorney's failure to file a brief." We discern no abuse of discretion in this denial. Despite satisfying the *Lozada* three-part test for showing ineffective assistance of counsel, Ba fails to show she was prejudiced by her counsel's actions, as required by *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006).

To demonstrate prejudice from the failure to file a brief, Ba must establish that but for her attorney's actions she would have been able to remain in the United States. *Huicochea-Gomez v. INS*, 237 F.3d 696, 699-700 (6th Cir. 2001). As noted by the BIA in its denial of reopening, Ba's motion failed to address how the Immigration Judge erred in concluding she was not a credible witness, or why she would have been granted relief despite this credibility finding, had her attorney not been ineffective by failing to file a brief. Neither in her motion to reopen nor in her brief did Ba question any aspect of the IJ's decision denying her asylum. She does not allege that the IJ abused his discretion, committed a clear error of judgment, or failed to weigh any relevant factor. Simply put, Ba failed to demonstrate that the filing of a brief would have precluded the BIA's removal

order, and thus she failed to show prejudice from her attorney's error.

Finding no abuse of discretion, the panel denies the petition for review.