Allaico-Murudumbay v. Bondi

BIA
ul-Haq, IJ
A216 973 923/924/925

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-six.

PRESENT:
> **RAYMOND J. LOHIER, JR.,**
> **WILLIAM J. NARDINI,**
> **EUNICE C. LEE,**
> *Circuit Judges.*

_____

DIANA VERONICA ALLAICO-MURUDUMBAY, D. J. O.-A., CRISTIAN PAUL OJEDA-QUITO,
> *Petitioners,*[1]

v.                                                                                    **23-7365**
                                                                                       **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

_____

[1]The Clerk of Court is directed to amend the caption.

**FOR PETITIONERS:** Perham Makabi, Esq., Kew Gardens, NY

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Diana Veronica Allaico-Murudumbay, her partner Cristian Paul Ojeda-Quito, and their minor child, all natives and citizens of Ecuador, seek review of a September 15, 2023 decision of the BIA summarily dismissing their appeal from a January 3, 2023 decision of an Immigration Judge ("IJ") which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Allaico-Murudumbay, et al.*, Nos. A 216 973 923/924/925 (B.I.A. Sept. 15, 2023), *dismissing appeal from* Nos. A 216 973 923/924/925 (Immigr. Ct. N.Y.C. Jan. 3, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA summarily dismissed the petitioners' appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E), reasoning that they had indicated their intent to file a brief, but that no brief or extension request was filed by the briefing deadline. Because the BIA summarily dismissed the appeal without reaching the merits of the IJ's

2

decision, our review is limited to the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We have not established the standard of review for summary dismissals in a published opinion, but we need not do so here because there are no grounds for remand regardless of the standard applied. *See, e.g., Ruiz-Espinoza v. Bondi*, No. 24-222, 2025 WL 2489169, *1 (2d Cir. Aug. 29, 2025) (summary order).

We likewise have not addressed the standard of review for a challenge to the BIA's denial of a motion for leave to file a late brief. Other Circuits have reviewed such decisions for abuse of discretion, except to the extent that the petitioner raises a due process claim, which is reviewed de novo. *See Zetino v. Holder*, 622 F.3d 1007, 1012–14 (9th Cir. 2010) (concluding BIA did not abuse its discretion or violate due process in rejecting late-filed brief); *Huicochea-Gomez v. INS*, 237 F.3d 696, 701 (6th Cir. 2001) (same); *see also Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008) (reviewing due process claim de novo).

But as the Government points out, the petitioners do not dispute that the BIA may summarily dismiss an appeal if a brief is not timely filed, and in any event, as there was no error, legal or otherwise, the standard of review is irrelevant as to this issue as well. When the petitioners indicated on their notice of appeal that they would file a brief, they did so above a warning that failure to timely file the brief could result in summary dismissal, and the regulations provide that the

3

BIA "may summarily dismiss any appeal . . . in any case in which . . . [t]he party concerned indicates on [the notice of appeal] that he or she will file a brief . . . in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E). It is undisputed that the BIA did not receive a brief or grant an extension. *See* BIA Practice Manual § 4.7(c) ("Until such time as the Board affirmatively grants an extension request, the existing deadline stands.").

Instead, the petitioners challenge the BIA's rejection of their late brief. "In its discretion, the Board may consider a brief that has been filed out of time." 8 C.F.R. § 1003.3(c)(1). In their motion to accept that late filing, the petitioners asserted that their attorney had mailed a briefing extension request (because he was suffering a debilitating medical condition) that was timely received by the BIA but not docketed.

Contrary to the petitioners' argument that the BIA failed to expressly rule on their motion to accept a late brief, the BIA acknowledged their brief and the accompanying explanation that they timely delivered an extension request, gave reasons why that explanation was not persuasive, and accordingly stated that it had not changed its conclusion that no timely extension request was filed and summary dismissal remained appropriate.

Petitioners next argue that the BIA failed to state—or apply to their

motion—the "good cause" standard for motions to file late briefs provided in the BIA Practice Manual. *See* BIA Practice Manual § 4.7(d) (providing that the BIA "has the discretion to consider a late-filed brief," but that motions to file late "are not favored" and "will only be granted upon the showing of good cause for failing to meet the briefing deadline"). Further explanation of the applicable standard was not necessary under the circumstances because the BIA rejected the factual premise for the petitioners' motion (that they had timely filed an extension request); it would have been denied regardless of the standard that applied. The BIA was not required to consider whether counsel's medical condition was grounds for the late filing because counsel alleged that he timely filed an extension request based on that condition, not that the condition interfered with his ability to timely request an extension.

Finally, the petitioners argue that the BIA erred in rejecting counsel's assertion that he timely filed the extension request. The only evidence that a request was delivered to the BIA was a tracking statement referring to one of counsel's other clients. Counsel asserted in the motion to file late that the extension motion was mailed, but such statements "are not evidence"; counsel did not provide an affidavit or a copy of the extension request that was purportedly mailed; and there is no evidence that a misdirected extension request was rejected in the other client's case and returned to counsel. *See Pretzantzin v. Holder*, 736

F.3d 641, 651 (2d Cir. 2013) ("[T]he arguments of counsel are not evidence . . . .");

*see also* BIA Practice Manual §§ 3.1(a)(4) ("To avoid confusion, each case should either be sent separately or, if mailed as a package, in its own envelope within that package."), 3.1(c)(2) (an improperly filed motion "is rejected by the Clerk's Office and returned to the party with an explanation for the rejection").   Given that record, the BIA was not required to conclude that an extension request was received but not properly docketed.

   In sum, the BIA did not abuse its discretion in declining to consider the late-filed brief, and thus did not err in summarily dismissing the petitioners' appeal for failure to timely file a brief.

   For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court