*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0001P (6th Cir.)
File Name:  01a0001p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CARLOS HUICOCHEA-GOMEZ
and MARGOT HUICOCHEA-
REZA,
　　　　*Petitioners-Appellants*,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
　　　　*Respondent-Appellee*.

No. 99-4119

On Petition for Review of an Order of the Board
of Immigration Appeals.
Nos. A91 962 354; A75 411 433.

Submitted:  November 1, 2000

Decided and Filed:  January 2, 2001

Before:  KRUPANSKY, BATCHELDER, and GILMAN,
Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Kai W. De Graaf, New York, New York, for Petitioners.    John J. Andre, UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION LITIGATION, CIVIL DIVISION, Washington, D.C., for Respondent.

———————————

**OPINION**

———————————

RONALD LEE GILMAN, Circuit Judge.    Carlos Huicochea-Gomez and Margot Huicochea-Reza (the Huicocheas), husband and wife, are citizens of Mexico. They have lived in the United States continuously since 1988. Both entered the United States as nonimmigrant visitors, which authorized them to remain in the country for no longer than six months. In 1997, the Immigration and Naturalization Service (INS) charged that the Huicocheas were subject to removal under § 237(a)(1)(B) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States beyond the time permitted by their visas.

At their removal hearing before the Immigration Judge (IJ), the Huicocheas admitted that they were subject to removal, but requested the discretionary relief of "cancellation of removal." The IJ denied that relief, instead granting them "voluntary departure" within 120 days. The Huicocheas appealed to the Board of Immigration Appeals (BIA). The BIA dismissed their appeal and entered a final order of removal. A petition for review of the BIA's decision by this court followed. For the reasons set forth below, we **DENY** the petition for review.

that the BIA's final order addressed the Huicocheas' ineffective assistance of counsel argument, despite not accepting their lawyer's brief on the issue, supports our view. *See Luis v. INS*, 196 F.3d 36, 41 (1st Cir. 1999) (finding no due process violation where the BIA refused to accept a motion to reconsider the appellant's claims on the merits, but nonetheless addressed the appellant's claims in its decision). Finally, the BIA's failure to accept the Huicocheas' untimely brief, in light of their admission that they are ineligible for cancellation of removal, does not amount to a denial of due process.

## III. CONCLUSION

For all of the reasons set forth above, we **DENY** the petition for review of the BIA's order of removal.

## I. BACKGROUND

Carlos Huicochea-Gomez first entered the United States as a nonimmigrant in August of 1985. Margot Huicochea-Reza entered under the same status in December of 1988. Huicochea-Gomez left the United States for Mexico in July of 1987 for a period of about eleven months, returning to this country on a six-month nonimmigrant visa in June of 1988. From the time that his wife joined him in December of that year, the Huicocheas have lived continuously in the United States. Currently, they are residents of Michigan. The Huicocheas have three children who were born in the United States and are citizens of this country.

In April of 1997, the Huicocheas met with Ronald E. Walker, a lawyer who told them that he was an immigration-law specialist. Huicochea-Gomez had earlier filed an application with the INS for lawful temporary residence under the Special Agricultural Worker Program. He retained Walker to reopen his case in order to legalize his status in the United States. After an unsuccessful attempt to obtain this specialized residence permit, Walker told the Huicocheas that because they had resided in the United States for over seven years, they qualified for "suspension of deportation," a form of discretionary relief for aliens who are deportable. He told them that this was an alternative way to legalize their status in the country.

Walker communicated with the INS to request that deportation proceedings commence against the Huicocheas. His plan was that once deportation proceedings started, he would move to suspend them with proof of the Huicocheas' long-term residence in the United States. In September of 1997, Walker brought the Huicocheas to the deportation offices of the INS in Detroit, where they were served with a Notice to Appear. At the Master Calendar hearing before the IJ in February of 1998, Walker learned for the first time from the IJ and counsel for the INS that amendments to the INA that took effect on April 1, 1997 repealed the section on suspension of deportation. Under the new INA § 240A, 8

U.S.C. § 1229(b), an alien must live continuously in the United States for ten years in order to be eligible for the revised form of relief known as "cancellation of removal."

After two hearings, the IJ determined that the Huicocheas were subject to removal and ineligible for cancellation of removal. He issued orders of voluntary departure to the Huicocheas, with alternate final orders of removal by August 27, 1998. The Huicocheas fault Walker for his ignorance of the amendments to the INA, which increased the residency requirement to be eligible for cancellation of removal. In addition, they claim that Walker initiated the deportation proceedings against them without sufficiently inquiring into the facts of their case to know, for example, that Huicochea-Gomez had left the United States for eleven months from 1987 to 1988. The Huicocheas contend that Walker's conduct amounted to ineffective assistance of counsel because his ineptitude brought the Huicocheas to the attention of the INS for removal, when they had been living respectably, even if illegally, in the United States for a period just short of the time required for eligibility to request cancellation of removal.

The Huicocheas appealed the IJ's decision pro se to the BIA in April of 1998, claiming ineffective assistance of counsel. The BIA notified them in November that they had until December 21, 1998 to submit a brief supporting their appeal. On December 13, 1998 the Huicocheas requested an extension of time to file their brief. They alleged that they had not yet received the transcripts of the IJ hearings and that they were still seeking to hire a lawyer. While the Huicocheas' request was pending, they retained their current lawyer, Kai De Graaf, on December 30, 1998. The following day, De Graaf sent the BIA a Notice of Appearance and a request for additional time to file a brief in support of the appeal.

On January 7, 1999, the BIA issued a notice denying the Huicocheas' request for additional time, basing its decision on the Huicocheas' failure to serve a copy of their request on

comply with the regulations, which mandate that all filings made with the BIA be accompanied by proof of service on the opposing party. *See* 8 C.F.R. § 3.3(c)(1).

After the original deadline had passed with no word from the BIA, the Huicocheas retained De Graaf, their current lawyer. On December 30, 1998, De Graaf sent a Notice to Appear on behalf of the Huicocheas with a request for additional time for briefing. The BIA issued a notice denying the Huicocheas' request for additional time, based on the Huicocheas' failure to serve a copy of their request on the INS. Despite a subsequent motion to accept an untimely brief, the BIA entered its final order of removability in August of 1999 without accepting De Graaf's brief. The Huicocheas contend that the BIA's failure to consider De Graaf's brief violated their Fifth Amendment due process rights.

Federal regulations provide that an appellant before the BIA has 30 days to file a brief from the time when the BIA gives notice to do so, unless a shorter period is specified by the Board. *See* 8 C.F.R. § 3.3(c)(1) (describing the procedure for appealing decisions of an IJ to the BIA). This provision further states:

> The Board, upon written motion, *may extend* the period for filing a brief or a reply brief for up to 90 days for good cause shown. *In its discretion*, the Board may consider a brief that has been filed out of time. All briefs, filings, and motions filed in conjunction with an appeal *shall include proof of service on the opposing party*.

8 C.F.R. § 3.3(c)(1) (emphasis added).

We review the BIA's decision to deny acceptance of the Huicocheas' brief for abuse of discretion only. *See Balani v. INS*, 669 F.2d 1157, 1160 (6th Cir. 1982). In this case, we believe that the BIA's decision, which was based on the fact that they did not serve their initial request on the INS, was within the Board's discretion and does not violate the Huicocheas' Fifth Amendment rights. Furthermore, the fact

that they were in this country illegally and did not meet the ten-year residency requirement necessary as a precondition to request consideration for cancellation of removal.

The Supreme Court has "described the Attorney General's suspension of deportation under a … provision of the INA as 'an act of grace' which is accorded pursuant to her 'unfettered discretion.'" *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30 (1996). By extension, cancellation of removal, which has replaced the relief of suspension of deportation, is also discretionary. *See* 8 U.S.C. § 1229b(b)(1)(A). The failure to be granted discretionary relief does not amount to a deprivation of a liberty interest. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (finding that ineffective assistance of counsel does not violate an alien's Fifth Amendment due process rights when an alien is otherwise deportable under law).

Furthermore, the Huicocheas have no right to reside illegally in the United States. Cancellation of removal is an "extraordinary remedy." *Id.* It is too speculative for the Huicocheas to claim that but for Walker's legal advice, they would not be facing deportation or would have been granted the discretionary relief they are seeking. Because the Huicocheas have conceded their removability, as the facts plainly indicate, they cannot establish that Walker's ineffective assistance, which led to the BIA's final order of removal, has denied them their Fifth Amendment right to due process of law.

### B. The Board's refusal to accept the Huicocheas' late-filed brief does not constitute a denial of fundamental fairness

The Huicocheas next argue that the BIA's failure to accept their brief constitutes a violation of fundamental fairness guaranteed by the Fifth Amendment. Originally, the deadline for the Huicocheas to submit a brief to the BIA in support of their appeal was December 21, 1998. On December 13, 1988, the Huicocheas sent a written request for additional time to file a brief. In sending this request, the Huicocheas failed to

counsel for the INS. On January 12, 1999, De Graaf nonetheless sent the BIA a brief claiming ineffective assistance of counsel before the IJ to support the Huicocheas' appeal from the IJ's decision. He also filed a motion to accept his late-filed brief. Within a week, the BIA notified De Graaf that his motion was denied, but this notice contained a boilerplate stamp that suggested that he submit a brief with a motion to accept the brief. Confused, De Graaf telephoned the BIA and spoke with a clerk, who told him that the BIA might still accept his brief and that he should wait. In March, the BIA issued a definitive notice to De Graaf of its rejection of his brief.

In August of 1999, the BIA dismissed the Huicocheas' appeal, concluding that they had not established a claim of ineffective assistance of counsel. Furthermore, the BIA found that they were not prejudiced by the actions of their prior attorney, because they were ineligible for cancellation of removal at the time that the proceedings commenced. De Graaf filed a timely petition for review of the BIA's final order of removal with this court.

## II. ANALYSIS

### A. The performance of the Huicocheas' lawyer before the IJ did not deprive them of their due process rights under the Fifth Amendment

The Huicocheas first contend that they were denied due process of law as a result of ineffective assistance of counsel in their removal proceedings before the IJ. They argue that Walker was incompetent because of his ignorance regarding the changes to the immigration laws. Walker led the Huicocheas to believe that they were eligible to legalize their status in the United States. As a result of this belief, he brought the Huicocheas to the attention of the INS, which commenced proceedings to remove the Huicocheas from the United States.

At the hearing before the IJ, Walker was prepared to argue that the Huicocheas had satisfied the seven-year residency

requirement to qualify for the form of discretionary relief known as "suspension of deportation." The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. 104-208, 110 Stat. 3009 (1996), however, substantially revised the immigration laws. For example, the discretionary relief of suspension of deportation had been repealed for aliens placed in removal proceedings on or after April 1, 1997. *See* IIRIRA § 309(c)(1). At the hearing, the IJ informed Walker and the Huicocheas that in light of the statutory amendments, the only relief even potentially available to them was a discretionary procedure known as "cancellation of removal." *See* 8 U.S.C. § 1229b(b).

An alien must demonstrate ten years of continuous physical presence in the United States prior to applying for this new form of relief. *See* 8 U.S.C. § 1229b(b)(1)(A). Furthermore, according to the "stop-time rule," an alien's continual presence in the United States is deemed to end once the INS begins removal proceedings by serving a Notice to Appear. *See* 8 U.S.C. § 1229b(d)(1); *Tefel v. Reno*, 180 F.3d 1286, 1289 (11th Cir. 1999) (holding that the new stop-time rule applies to all aliens applying for either suspension of deportation under the old law or cancellation of removal under the IIRIRA amendments).

Unaware of Huicochea-Gomez's eleven-month absence from the United States between 1987 and 1988, Walker found himself unable to rebut the IJ's conclusion that the Huicocheas were ineligible for cancellation of removal and were therefore subject to removal. Misled by Walker's legal advice, the Huicocheas found themselves being deported. Such incompetence, they claim, amounts to ineffective assistance of counsel that deprived them of their Fifth Amendment right to due process.

Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing. *See Dokic v. INS*, No. 92-3592, 1993 WL 265166, *3 (6th Cir. 1993) (unpublished table decision)

(citing *Baires v. INS*, 856 F.2d 89 (9th Cir. 1988)). To constitute fundamental unfairness, however, a defect in the removal proceedings "must have been such as might have led to a denial of justice." *Id.* (quoting *Ramirez v. INS*, 550 F.2d 560, 563 (9th Cir. 1977)). The alien carries the burden of establishing that ineffective assistance of counsel prejudiced him or denied him fundamental fairness in order to prove that he has suffered a denial of due process. *See id.* (citing *Aguilera-Enriquez v. INS*, 516 F.2d 565, 569 (6th Cir. 1975)). We review questions of law involved in a deportation order de novo. *See Gjonaj v. INS*, 47 F.3d 824, 826 (6th Cir. 1995).

The BIA found that the Huicocheas did not suffer from ineffective assistance of counsel for two reasons. First, it held that the Huicocheas had failed to comply with the elements of proof as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Under *Matter of Lozada*, an alien claiming ineffective assistance of counsel must submit an affidavit describing the agreement for representation entered into with former counsel, inform former counsel of the charge for the purpose of allowing him to respond to the complaints being made against him, and report whether a complaint has been filed with the appropriate disciplinary authorities. *See id.* Second, the BIA held that because the Huicocheas conceded that they are ineligible for cancellation of removal, they could not possibly be prejudiced by counsel's alleged ineffective assistance. *See Matter of Santos*, 19 I. & N. Dec. 105 (BIA 1986).

This latter reason is dispositive in establishing that the Huicocheas' Fifth Amendment due process rights were not violated as a result of the alleged ineffective assistance of counsel. The Huicocheas have failed to explain how their liberty interests have been violated. To prevail, the Huicocheas must establish that but for Walker's legal advice, they would have been entitled to continue residing in the United States. But this is not the case. The fact that "Mr. and Mrs. Huicochea, while not 'greencard' holders prior to the initiation of proceedings, nonetheless lead a peaceful life working and raising their children," does not obviate the fact