Sorinel IANCU, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–3480.

United States Court of Appeals,
Sixth Circuit.

June 17, 2003.

Before KENNEDY and COLE, Circuit
Judges; and WILLIAMS, District Judge.*

*ORDER*

Sorinel Iancu, proceeding pro se, petitions this court for review of an order of

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

the Board of Immigration Appeals (Board) affirming an order of deportation entered in immigration court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 1996, the Immigration and Naturalization Service (INS) issued an order alleging that Iancu was deportable because he had remained in the United States longer than he was authorized to stay. Iancu admitted the factual allegations contained in the order, conceded deportability, and applied for asylum and withholding of deportation. Following a deportation hearing, an immigration judge found Iancu to be deportable. The immigration judge issued an opinion, concluding that Iancu's testimony was not credible, and that he had not established either past persecution or a likelihood of further persecution upon return to Romania. Hence, the immigration judge denied Iancu's request for asylum, withholding of deportation, and voluntary departure. Iancu appealed, but failed to file a timely brief before the Board. The Board denied Iancu's motion to file his brief out of time because he did not show any compelling circumstances in support of his request. The Board affirmed the immigration judge's decision without opinion.

Iancu has filed a timely appeal, arguing that: 1) the Board abused its discretion when it denied his motion to file his brief out of time; 2) the translation of his testimony was so inadequate as to deny due process; 3) he was improperly denied asylum; and 4) his request for voluntary departure was improperly denied.

■ Initially, we conclude that the Board did not abuse its discretion when it denied Iancu's request to file his brief out of time. This court reviews the Board's denial of a petitioner's motion to file a brief out of time for an abuse of discretion. *See Huicochea–Gomez v. INS*, 237 F.3d 696, 701 (6th Cir.2001). Federal regulations provide that an appellant before the Board has thirty days to file a brief from the time when the Board gives notice to do so. *See* 8 C.F.R. § 103.3(a)(3). Although Iancu argues that he did not file a timely brief because he was out of town and did not receive his asylum hearing transcript until after the due date for his brief, the record reflects that he was notified of the due date prior to his departure. Hence, Iancu failed to present any basis for concluding that the Board abused its discretion when it denied his motion to file his brief out of time.

■ We also conclude that Iancu failed to establish that the interpreter utilized during his asylum hearing rendered such a deficient performance as to violate Iancu's due process rights. In order to establish that an allegedly inadequate translation violates due process, a petitioner must show that he was prejudiced. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000). In this case, Iancu was unable to establish that he was prejudiced by the interpreter's performance, with regard to his commitment to a mental hospital, because the record clearly reflects that Iancu made his point that, even if he had himself committed, it was not voluntary because he felt pressured to enter the mental hospital. Second, although counsel stated at one point during the hearing that "something was lost in translation," the immigration judge continued to question Iancu about the subject of his testimony, and counsel made no further objections. Moreover, the record reflects that counsel had ample opportunity to clarify any matters that he thought were unclear, during direct and redirect examination. In addition, the hearing was continued and a different interpreter was present at the reconvened hearing. Iancu's counsel was again afforded an opportunity to correct any perceived

errors in the translation during redirect examination, but he chose not to do so. Finally, Iancu has not shown how the misspelling of two city names prejudiced his ability to present his asylum claim.

■ We conclude that the decision to deny Iancu asylum is supported by substantial evidence. In order to be eligible for asylum, Iancu was required to establish that he is a refugee, defined as one who suffered past persecution or has a well-founded fear of future persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court will grant a petition for review of the denial of an asylum application only where the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Id.* at 481, 112 S.Ct. 812.

A review of the record reflects that the immigration judge properly determined that Iancu's testimony was not credible. Appellate courts afford substantial deference to a finding of lack of credibility where it is supported by specific, cogent reasons. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir.1992). Here, for the numerous reasons expressed by the immigration judge, Iancu clearly changed his statements in support of his request for asylum between his written applications for asylum, his statements before the asylum officer, and his testimony during the asylum hearing. Furthermore, the evidence of record simply does not compel a conclusion that Iancu was persecuted, or that he has a well-founded fear of persecution if he returns to Romania. Iancu did not provide any credible examples of persecution based on his ethnicity, political beliefs, or his homosexuality. Even if it is true that he was detained and questioned regarding his homosexuality, "persecution" requires "more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physi-

cal punishment, infliction of harm, or significant deprivation of liberty." *See Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir.1998). Therefore, the decision to deny his application for asylum is supported by substantial evidence. Finally, because Iancu did not establish eligibility for asylum, he could not meet the more difficult standard required for withholding of deportation. *Id.* at 391.

■ Finally, this court lacks jurisdiction to review the immigration judge's denial of voluntary departure. Iancu claims that the immigration judge abused her discretion when she denied Iancu's request for a voluntary departure. However, there can be no review of discretionary decisions regarding voluntary departure. *See* 8 U.S.C. § 1252(a).

Accordingly, we deny the petition for review. Rule 34(j)(2)(C), Rules of the Sixth Circuit.