**Rita MICULI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3276.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Jason E. Peltz, Southfield, MI, John J. Boudia, Royal Oak, MI, for Petitioner.

James A. Hunolt, Donald Keener, Francis W. Fraser, United States Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.[*]

## ORDER

Rita Miculi, a native of Albania, petitions through counsel for review of an order of the Board of Immigration Appeals denying her motion to reopen her removal proceedings on the ground of ineffective assistance of counsel. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Miculi attempted to enter the United States with a fraudulent passport from the Czech Republic. She was placed in removal proceedings, and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture, based on an allegation of religious persecution. A hearing was held before an immigration judge, who denied all the relief requested. Miculi's counsel failed to file a notice of appeal to the Board of Immigration Appeals (BIA) in a timely fashion, and the appeal was dismissed. Counsel's motion for reconsideration was denied by the BIA on April 20, 2001, and Miculi was ordered removed from the country. Miculi's counsel did not inform her that the appeal had been filed late, or that a motion for reconsideration had been denied and the order of removal entered. In fact, Miculi alleges that counsel told her that her appeal was pending. She discovered the true state of affairs in July, 2002, and filed a motion to reopen through new counsel in September. The BIA denied the motion, finding that it was late and that, even if it were timely, Miculi had not demonstrated prejudice from counsel's failure to file a timely appeal.

In her brief before this court, Miculi argues that equitable tolling renders her motion to reopen timely, and that she is not required to show prejudice to warrant reopening, or alternatively, that she was prejudiced because she was unaware of the removal order entered in April, 2001. The court previously granted Miculi's motion for a stay of removal.

The denial of a motion to reopen removal proceedings is reviewed for an abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Upon careful consideration, we conclude that no abuse of discretion occurred in this case.

Miculi argues that her motion to reopen, although filed more than ninety days fol-

---

[*] The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

lowing the final order of removal, should be deemed timely due to equitable tolling on the basis of her former counsel's fraud. Equitable tolling has been found to apply to motions to reopen based on ineffective assistance of counsel. *Iavorski v. U.S. INS*, 232 F.3d 124, 127, 134 (2d Cir.2000). In this case, the BIA concluded that, even if the motion to reopen were deemed timely, the motion would nevertheless be denied because Miculi had not established prejudice arising from her former counsel's failure to file a timely notice of appeal. For the reasons that follow, we agree that the denial of reopening was proper due to the failure to demonstrate prejudice, and the equitable tolling argument therefore need not be addressed.

■ Miculi argues that she need not show prejudice from her counsel's failure to file a timely notice of appeal, relying on *Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), a criminal case. While the Ninth Circuit extended the holding in *Roe* to the immigration context in *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000), it retreated from this position somewhat in *Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003), in which it held that the presumption of prejudice could be rebutted where no plausible grounds for relief were shown. The First Circuit has refused to extend *Roe* to immigration cases. *Hernandez v. Reno*, 238 F.3d 50, 57 (1st Cir.2001). In this circuit, although the holding of *Roe* has not been specifically addressed in this context, it has been held that, in order to show a denial of due process from ineffective assistance of counsel, it must be shown that the alien was entitled to the underlying relief requested. *Huicochea–Gomez v. INS*, 237 F.3d 696, 699–700 (6th Cir.2001). The Supreme Court has held that proper grounds for denying a motion to reopen include where

the alien fails to establish eligibility for the underlying substantive relief. *INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). In this case, Miculi did not argue in her motion to reopen why the immigration judge's decision denying her requests for relief was erroneous. She also does not present any arguments on the merits before this court. Therefore, we find that the motion to reopen was properly denied based on Miculi's failure to establish prejudice from former counsel's untimely appeal.

■ Finally, Miculi argues that she has established prejudice, not on the merits of her underlying claims for relief, but because her former counsel failed to inform her that an order of removal had been entered against her, and she therefore stayed in this country illegally, subjecting her to penalties on her ability to return. However, Miculi does not state that she ignored any order to report for removal. She was not eligible for voluntary departure, because she was placed in removal proceedings before she had been in the country one year. Thus, she was going to be removed, with the resulting restrictions on her return, whether or not she was aware of the order. This argument on the prejudice issue is therefore unpersuasive.

For all of the above reasons, we conclude that the BIA did not abuse its discretion in denying the motion to reopen this case. Accordingly, the petition for review is denied.