Wilhens NELSON, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 03–3898.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 5, 2004.

Rehearing Denied Aug. 30, 2004.

Wilhens Nelson, McRae, GA, pro se.

Lisa H. Johnson, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before: NELSON and COOK, Circuit Judges; and ROSEN, District Judge.*

## ORDER

Wilhens Nelson, a federal prisoner incarcerated in Ohio, appeals the district court order dismissing his case filed as a declaratory judgment action pursuant to 28 U.S.C. § 2201, 8 U.S.C. § 1503, and 8 U.S.C. § 2206 or, in the alternative, a request for a writ of mandamus to compel compliance with the Administrative Procedure Act (APA), 5 U.S.C. §§ 706 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Nelson, a citizen of Haiti, entered the United States in 1986. He alleged that he became a permanent resident in 1989 and filed a Form N–400 Application for Naturalization with the Immigration and Naturalization Service (INS) in 1995, when he took the history test and swore the oath of allegiance before an INS officer. He filed another application in November 1996 after receiving no word of his official swearing-in ceremony. In January 2002, Nelson pleaded guilty to conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and 18 U.S.C. § 2. He received a sentence of forty-two months of imprisonment.

In the present action, Nelson sought "a declaration of his pending U.S. citizenship," or a writ of mandamus ordering the Attorney General to grant him citizenship for violation of administrative regulations, unreasonable delay under 5 U.S.C. § 706(1), and failure to act in accordance with law under 5 U.S.C. § 706(2)(a). The district court denied Nelson any relief. The court held that Nelson could not bring a declaratory action because no department, agency, or official had denied his claim that he is a United States citizen, and that Nelson was not entitled to mandamus relief granting him citizenship because his conviction for conspiracy to distribute cocaine made him ineligible to be a citizen. The court also denied Nelson's motion for reconsideration.

On appeal, Nelson argues that: (1) he was denied due process in violation of the right to compulsory process and due process under the Fifth Amendment; and (2) the district court erred when it ruled on his claim of derivative citizenship, deciding Nelson was not entitled to discretionary relief from deportation.

■ We review questions of law de novo. See *Huicochea–Gomez v. INS*, 237 F.3d 696, 699 (6th Cir.2001). Upon review, we affirm the district court's decision for the reasons stated by the district court. First, the district court properly held that Nelson was not entitled to declaratory relief under 8 U.S.C. § 1503. Under the statute, a person within the United States who claims a right as a national of the United States and is denied such right by any department, agency, or official thereof, "upon the ground that he is not a national of the United States," may institute a declaratory action for a judgment declaring him to be a national. Section 1503(a) requires a final administrative denial before

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

a declaratory judgment action may be instituted. See *United States v. Breyer*, 41 F.3d 884, 891–92 (3d Cir.1994). According to the allegations in Nelson's petition, he applied for citizenship in 1995 and 1996 but did not receive either a grant or denial of citizenship. Thus, § 1503 does not apply because Nelson did not claim a right as a national and was not denied a right upon the ground that he is not a national.

Nelson's motion for reconsideration did not change this result. Nelson obtained copies of records from the INS that indicated that his application for naturalization was denied in 2000 because Nelson did not submit fingerprints as requested by the INS. As the district court noted, this merely changed Nelson's argument to the claim that the INS unreasonably delayed the denial of his application. His claim was still not dependent on his status, or lack of status, as a national of the United States.

 Second, the district court also properly held that Nelson was not entitled to a writ of mandamus. Nelson petitioned the district court to compel the INS to grant his application for citizenship. To establish mandamus jurisdiction, a petitioner must establish that: (1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *Heckler v. Ringer*, 466 U.S. 602, 616–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). Nelson failed to meet the first requirement because his felony drug conviction made him ineligible for citizenship. See 8 U.S.C. §§ 1101(f)(8), 1427(a); *Castiglia v. INS*, 108 F.3d 1101, 1103 (9th Cir.1997). Whether or not Nelson was eligible for citizenship when he applied, he was not eligible when he filed the district court action. Accordingly, the district court properly held that mandamus relief was not available.

Finally, the district court properly denied Nelson any relief under the APA. Nelson alleged that the INS's handling of his application for citizenship amounted to unreasonable delay and failure to act in accordance with the law. See 5 U.S.C. § 706. When a petitioner seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits. See *Hernandez–Avalos v. INS*, 50 F.3d 842, 844 (10th Cir.1995). Thus, Nelson's APA claim fails for the same reason his request for mandamus fails. He did not have a clear right to relief because he was and is ineligible for citizenship.

We have considered Nelson's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.