**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0676n.06
Filed: August 8, 2005

**No. 03-4550**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DUSTA LJUCOVIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ALBERTO R. GONZALES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; SARGUS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Dusta Ljucovic, a native and citizen of Serbia

and Montenegro, applied for asylum. She alleged that she was a victim of domestic abuse and that

she suffered persecution because she is an Albanian woman. The immigration judge (IJ) concluded

that Ljucovic was credible, but that she had not suffered past persecution, nor did she have a well-

founded fear of future persecution. The Board of Immigration Appeals (BIA) affirmed without

opinion. Ljucovic's attorney mailed the BIA's decision to her. However, perhaps due to an error in

the mailing address used by the attorney, Ljucovic did not receive notice of the BIA's decision until

ten months later. Ljucovic filed a motion to reopen proceedings with the BIA. The BIA denied her

motion to reopen. Ljucovic appealed to this court. For the following reasons, we affirm the BIA's

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District
of Ohio, sitting by designation.

*Ljucovic v. Gonzales, No. 03-4550*

decision.

Ljucovic is a native and citizen of Serbia and Montenegro who entered the United States on November 1, 1990. On approximately August 22, 1996, Ljucovic filed an application for asylum with the assistance of attorney Richard Kulics. She alleged that she had suffered persecution on account of her religion[1] and because she is an ethnic Albanian female. She documented that Albanian women are not allowed to be educated, nor are they allowed to communicate in their native language. She also alleged that she was forced to marry a man who eventually abused her. When she reported the abuse to the police, they refused to take any action.

The Immigration and Naturalization Service (INS) referred her application to an IJ and issued an order to show cause, alleging that Ljucovic was deportable for entering the United States without inspection.

Kulics represented Ljucovic before the IJ at a hearing in Detroit, Michigan on October 15, 1998. At the hearing, Ljucovic testified that her husband beat her constantly during their four-month marriage. She went to the police station on one occasion to report the beating, and the police "just start[ed] laughing and teasing with one another." She decided that she had to get away from her husband. She left her home and came to the United States in November 1990. She divorced her husband after she arrived in the United States.

The IJ determined that Ljucovic was credible and had a subjective fear of returning to her native country. However, the IJ also concluded that Ljucovic was not a victim of past persecution

---

[1]Ljucovic never presented any evidence of persecution on account of her religion, despite this statement in her application.

- 2 -

on account of her gender and there was no evidence that she would suffer future persecution should she return to Serbia and Montenegro.

Ljucovic appealed the IJ's decision to the BIA. The BIA affirmed the IJ's decision without opinion on July 1, 2002.

During the time the appeal was being considered by the BIA, Ljucovic moved to a new residence in Michigan. She notified Kulics of the change in address within a week of her move. Kulics apparently received the change of address information, but erroneously transcribed the zip code as 48313 rather than 48312 in his records.

According to Ljucovic, Kulics never notified her of the BIA's decision and she did not learn of it until May 2, 2003. Kulics told Ljucovic that he mailed a copy of the decision to her and that it was not his policy to call his client after mailing the decision.

Ljucovic subsequently filed a motion to reopen her case with the BIA on June 19, 2003. Although her motion was filed more than ninety days after the BIA rendered its decision, Ljucovic argued that equitable tolling should excuse her failure to timely file because she received ineffective assistance of counsel. Further, Ljucovic asked the BIA to hold her case in abeyance until the Attorney General issued final rules on gender-based asylum claims.

On November 18, 2003, the BIA denied her motion to reopen the case. The BIA concluded that Ljucovic did not set forth in detail in her affidavit the agreement that was entered into with Kulics with respect to his representation and thus did not comply with the requirements set forth in *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), to establish ineffective assistance of counsel. Additionally, the BIA determined that she was not prejudiced by any ineffective assistance of counsel. The BIA declined to apply equitable tolling to her motion to reopen the case and concluded

*Ljucovic v. Gonzales, No. 03-4550*

that her motion was untimely.

Ljucovic filed a timely notice of appeal.

## II.

This court reviews the denial of a motion to reopen for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *Ashki v. INS*, 233 F.3d 913, 921 (6th Cir. 2000). An abuse of discretion exists with respect to BIA proceedings when the denial of a motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982).

## III.

Under BIA regulations, a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.*

Most pertinent to the current case, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *Id.* § 1003.2(c)(2). In this case, the BIA affirmed without opinion the IJ's decision on July 1, 2002. Ljucovic therefore had ninety days from that date to file her motion to reopen the proceedings. She did not file a motion to reopen until June 17, 2003, almost one year after the final decision was rendered in her case.

We have previously observed that equitable tolling can apply when a petitioner files an

otherwise time-barred motion to reopen. *See Harchenko v. INS*, 379 F.3d 405, 409-10 (6th Cir. 2004) ("This court has previously noted that the time for filing a motion to reopen can be equitably tolled.") (citing *Miculi v. Ashcroft*, 96 Fed. Appx. 338, 339 (6th Cir. 2004)). Equitable tolling may apply when a petitioner has received ineffective assistance of counsel.[2] *See Miculi*, 96 Fed. Appx. at 340 ("Equitable tolling has been found to apply to motions to reopen based on ineffective assistance of counsel."); *Hermiz v. INS*, 86 Fed. Appx. 44, 44 (6th Cir. 2003) ("[S]ome courts have held that the ineffective assistance of counsel may provide grounds for equitable tolling if the petitioner has been diligent in pursuing his rights."); *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

Petitioners alleging ineffective assistance of counsel must satisfy the requirements set forth in *Matter of Lozada*, 19 I & N Dec. at 639; namely, the allegation must be supported by (1) an affidavit describing the agreement that was entered into with the attorney with respect to the actions to be taken and the representations made by the attorney; (2) proof that the petitioner has notified the attorney of the allegations and that the attorney has had an opportunity to respond; and (3) a statement about whether a complaint has been filed with an appropriate disciplinary authority if the representation involved a violation of legal obligations to the client. In addition, the petitioner must demonstrate that he or she was prejudiced by the ineffective assistance of counsel. *See id.* at 640. Prejudice in this context requires a showing that the petitioner was entitled to the underlying relief

---

[2]The government's argument that there is no right to effective assistance of counsel in immigration proceedings is not well-taken. The government contends that the right to effective assistance of counsel is limited to criminal proceedings. However, this court has already decided that the "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). An alien receiving ineffective assistance of counsel can suffer a deprivation of due process; thus, the alien's right to effective assistance of counsel is grounded in the Fifth Amendment. *Id.*

requested. In other words, the petitioner "must establish that but for [counsel's error], [petitioner] would have been entitled to continue residing in the United States." *Huicochea-Gomez*, 237 F.3d at 699-700.

Ljucovic's motion to reopen based upon ineffective assistance of counsel complies substantially but not entirely with the *Lozada* requirements. Ljucovic submitted proof that she notified Kulics of her claim that he provided her with ineffective assistance of counsel. She also provided a copy of her grievance filed with the Attorney Grievance Commission in Michigan.

It is a closer question as to whether Ljucovic complied with the *Lozada* requirement that she describe the agreement entered into with her attorney. She submitted an affidavit simply stating that she hired Kulics to "prepare and file my application for asylum" and to "appeal to the Board." She further documented that Kulics apparently mailed the BIA's decision to her, but that he had the incorrect zip code on the letter, and that it was "not his policy to call or follow-up after he mails the decision." She also stated that her brother-in-law, Frank, called Kulics on July 5, 2002, and that Kulics did not tell Frank about the BIA's decision of July 1, 2002.[3] Ljucovic thus detailed the apparent shortcomings of Kulics's representation. However, except for a cursory statement about hiring Kulics, she does not set forth any detail as to her agreement with Kulics about her representation and specifically does not state how she and Kulics agreed that she would be notified of any BIA decision. Her affidavit in support of her motion to reopen based upon ineffective assistance of counsel falls short of the procedural *Lozada* requirements for failure to adequately

_____

[3]It is entirely possible that Kulics did not know of the BIA's decision when he spoke to Frank. The BIA issued its decision on July 1, 2002, and subsequently mailed a copy of the decision to Kulics. Given that Frank spoke to Kulics only four days after the BIA made its decision, the decision may not yet have arrived at Kulics's office.

describe the agreement she entered into with her attorney. *See Hamid v. Ashcroft*, 336 F.3d 465, 468 (6th Cir. 2003) (concluding that an alien's affidavit did not meet *Lozada* requirements when the affidavit "recount[ed] Hamid's allegations concerning what his counsel failed to do, but d[id] not mention what actions his counsel promised to undertake").

Relying on the Michigan Rules of Professional Responsibility, Ljucovic argues that one of Kulics's basic duties was to keep her informed of important developments in her case and that this was an implicit understanding reached when he agreed to represent her. Even if we could infer such an implicit agreement with regard to Kulics's representation, the affidavit still falls short. It simply fails to provide any detail concerning what representation Kulics agreed to provide because the only information provided is that Ljucovic hired him to represent her. *Lozada* requires more information than that which Ljucovic submitted in her affidavit, as it demands information about the actions to be taken and the representations made by the attorney about those actions. *See Lozada*, 19 I & N Dec. at 639. The BIA did not abuse its discretion in concluding that Ljucovic did not comply with the *Lozada* requirements.

Even if Ljucovic satisfied the *Lozada* requirements, she would also have to demonstrate that she was prejudiced by ineffective assistance of counsel. *See id.* at 640. A demonstration of prejudice requires that the petitioner establish that but for her attorney's actions, she would have been able to remain in the United States. *Huicochea-Gomez*, 237 F.3d at 699-700.

Ljucovic alleges that she was prejudiced because Kulics's failure to notify her of the BIA's decision cost her the opportunity to appeal the decision to this court. She claims that if she had been able to appeal, she would have been able to demonstrate that she suffered past persecution and has a well-founded fear of returning to Serbia and Montenegro. She also argues that the BIA should have

withheld its decision in this case until final rules have been promulgated regarding gender-based asylum claims. Finally, she contends that she was prejudiced because she was unable to timely comply with the BIA's order and she therefore began accruing unlawful presence. Because she accrued over a year of unlawful presence, she cannot return to the United States for ten years without government consent. *See* 8 U.S.C. § 1182(a)(9)(B).

Ljucovic certainly suffered adverse effects when she did not learn of the BIA's decision until approximately ten months after it issued. However, the loss of a right to appeal the BIA's decision to this court and the accrual of unlawful presence do not constitute prejudice under this circuit's law. Under *Huicochea-Gomez*, Ljucovic must establish that but for Kulics's failure to notify her of the BIA's decision, she "would have been entitled to continue residing in the United States." 237 F.3d at 699-700. While another circuit appears to allow the alien to demonstrate prejudice based upon the loss of a right to appeal, *see Dearinger* ex rel. *Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (concluding that "where an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely" and thus prejudice should be presumed), this court has adopted a more stringent standard. Ljucovic's allegations that her counsel's ineffectiveness prevented her from filing an appeal or caused her to accrue unlawful presence do not demonstrate that she would have been able to remain in the country had she received timely notification of the BIA's decision.

Ljucovic claims that if she had been able to appeal, she would have been able to demonstrate that she suffered past persecution and continues to have a well-founded fear of returning to her native country. The IJ determined that Ljucovic was "essentially credible" and that she "has a subjective fear of returning to Yugoslavia." However, the IJ concluded that she had not established past

persecution, because the acts of her husband in subjecting her to domestic violence do not constitute persecution. Further, the IJ concluded that even if she established past persecution, there was evidence of changed circumstances. Ljucovic and her husband divorced after she left Yugoslavia, eliminating the possibility that she would be subject to domestic violence at his hands if she returned.

Ljucovic presents no compelling evidence suggesting that the IJ's decision would have been overturned on appeal to this court under a substantial evidence review and that she would have been entitled to remain in the United States. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (stating standard of review of BIA's decision). At the hearing and in her application, she alleged that she had been beaten over a four-month period by her husband and that, when she reported this abuse to the police on one occasion, the police did not take her claims seriously. Even if this did rise to the level of past persecution, Ljucovic cannot demonstrate a well-founded fear of future persecution. Ljucovic divorced her husband in 1990 or 1991 and thus would not be subject to his abuse were she to return to her native country. *See* 8 C.F.R. § 208.13(b)(1)(i)(A) (IJ shall deny an asylum application if "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality").

In her application, she also alleged that she was denied certain opportunities, such as an education, because she is an Albanian woman. The IJ's conclusion that the denial of these opportunities did not constitute past persecution was supported by substantial evidence. The State Department reports establish that women in her native country are subjected to traditional gender roles. Such evidence does not demonstrate persecution. We have held that persecution requires more than just harassment or discrimination. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir. 1998). The petitioner must demonstrate that there has been some "physical punishment, infliction of harm, or

significant deprivation of liberty." *Id.* at 390. While relegating women to their traditional roles may demonstrate discrimination, Ljocovic has not adduced any evidence that she was also subjected to physical punishment, harm, or a deprivation of liberty (other than the abuse at the hands of her husband) on account of her gender. The denial of opportunities for women, while unfortunate, does not rise to the level of persecution. For these reasons, Ljucovic would not have succeeded in reversing the IJ's determination that she did not suffer past persecution and that she did not have a well-founded fear of future persecution. She cannot demonstrate that she would have been allowed to remain in the United States if she had been able to appeal to this court.

Ljucovic failed to comply with the *Lozada* requirements and additionally did not establish prejudice stemming from her attorney's failure to timely notify her about the BIA's decision. Therefore, she cannot establish ineffective assistance of counsel in order to have the statute of limitations on her motion to reopen equitably tolled. The BIA did not abuse its discretion in denying her motion to reopen.

IV.

For the foregoing reasons, we affirm the BIA's decision.