UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 27, 2006
Decided June 12, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2500

| | |
|---|---|
| DANIEL LARA,<br>*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A74 542 304 |
| ALBERTO R. GONZALES,<br>*Respondent*. | |

**O R D E R**

Mexican citizen Daniel Lara applied for cancellation of removal under 8 U.S.C. § 1229b(b), claiming that his removal would result in exceptional hardship to his wife and United States-citizen children. After a hearing, an Immigration Judge denied his application because he failed to meet § 1229b(b)(1)(A), which requires that Lara be physically present in the United States for the ten years immediately preceding his application. The Board of Immigration Appeals affirmed and we deny Lara's petition for review.

Lara entered the country from Mexico without inspection in approximately 1978, and he married his wife in Mexico in either 1992 or 1993. In 1996 Lara applied to adjust his status based on his (incorrect) belief that he qualified as a legal resident under 8 U.S.C. § 1259, which allows illegal aliens who entered the

United States before 1972 to register as legal residents. In his application he stated that he last entered the United States in June 1992. His application was denied, which prompted the Immigration and Naturalization Service to initiate removal proceedings. Lara admitted the facts contained in the Notice to Appear and conceded removability, but sought cancellation of removal under 8 U.S.C. 1229b(b) based on the length of time he had been in the United States and the hardship that his removal would cause for his children. Lara presented social security statements showing that he earned income in the United States for every year since 1988—except 1992. The IJ held a hearing to determine whether Lara could establish continuous residence throughout the ten-year period.

To determine whether an alien is eligible for cancellation of removal under § 1229b(b), the IJ must consider if the alien: (1) has maintained a continuous, physical presence in the United States for the ten years preceding the application; (2) has good moral character; (3) has not been convicted of specified offenses; and (4) established that removal would result in "exceptional and extremely unusual hardship" to his United States-citizen family members. § 1229b(b); *Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 682 (7th Cir. 2006). In addition, the alien can establish a continuous presence even if he leaves the United States for less than 90 days at one time or less than 180 days in aggregate. § 1229b(d)(2); *Cuellar Lopez v. Gonzales*, 427 F.3d 492, 494 (7th Cir. 2005).

The IJ led the questioning at the hearing and focused on whether Lara could show a physical presence during 1992. Lara responded to questions about his employment during 1992 by explaining that he did not have any income listed on his social security statement that year because he was performing "side jobs" for cash that he did not report to the government. Lara also testified that he went to Mexico for several weeks to get married, but he was not certain about whether that was in 1992 or 1993. The IJ then questioned Lara's wife about the date of their marriage and how long Lara stayed in Mexico for the marriage. She testified that Lara left the United States so they could get married in Mexico at the end of 1993, and that Lara returned in early 1994. His wife could not testify about how much time Lara spent in Mexico during 1992.

The IJ denied Lara's application for cancellation, reasoning "that there are too many discrepancies in the testimony of respondent and his wife to establish the 10 years continuous physical presence in the United States, by testimony alone." The IJ also stated that Lara failed to "corroborate his physical presence through documentary evidence." The IJ noted that Lara's 1996 application for adjustment of status stated that his last entry to the United States was in June 1992, which contradicted his testimony that he entered in approximately 1978. The IJ further explained that Lara gave inconsistent testimony about his employment, marriage, and trips to Mexico during 1992 and that Lara was not able to supply rent receipts,

employment records, or other "indicia of continuous presence" for that year. Finally, the IJ pointed out that Lara's wife testified that they were married at the end of 1993 and returned in early 1994, but Lara could not supply employment records to show when he left or returned to the United States for his marriage.

Lara appealed the IJ's decision to the BIA, arguing that the IJ violated his right to due process by limiting the focus of his hearing to the issue of his continuous presence in the United States  The BIA found "no error in the Immigration Judge's decision to limit the hearing to the issue of continuous presence, in light of the obvious inconsistences" between Lara's application for cancellation of removal and his 1996 application for adjustment of status.  The BIA also agreed with the IJ that the inconsistencies in Lara's testimony "raise serious questions regarding the veracity" of his claim that he remained in the United States for ten continuous years.  Accordingly, the BIA dismissed Lara's appeal.

## II. Analysis

On appeal, Lara devotes his entire brief to contending that the IJ failed to provide him a "full and fair hearing."  As a threshold matter, the government asserts that we lack jurisdiction to review a denial of cancellation of removal because Lara does not have a liberty interest in cancellation of removal.  *See Martinez-Maldonado*, 437 F.3d at 682; *Ali v. Ashcroft*, 395 F.3d 722, 732 (7th Cir. 2005); *see also Mohammed v. Ahscroft*, 261 F.3d 1244, 1250-51 (11th Cir. 2001) (finding "no constitutionally-protected right to discretionary relief from removal"); *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001) (same).  Lara has not responded to this argument.

According to 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal] . . . of this title."  *See Cevilla v. Gonzales*, ___ F.3d. ___, No. 05-2387, 2006 WL 1133148, at *3 (7th Cir. May 1, 2006).  Thus, we are barred from reviewing the Attorney General's decision to deny cancellation of removal unless a constitutional claim or question is raised in the petition for review.  *Id.*  In his petition, Lara reiterates that he was denied his constitutional right to due process because the IJ did not give him a full and fair opportunity to present his case.  But we have cautioned petitioners against asserting open-ended due process arguments in removal hearings, *Rehman v. Gonzales*, 441 F.3d 506, 508-09 (7th Cir. 2006), and Lara has not alleged that he was prevented from presenting evidence to the IJ. Moreover, a petitioner does not have a right to due process in a proceeding that can provide only discretionary relief.  *Cevilla*, ___ F.3d. ___, 2006 WL 1133148, at *3. Hence, his due process argument must fail.

Accordingly, we DENY the petition.