NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0707n.06
Filed: September 29, 2006

Nos. 04-4173; 05-3688

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROBERT BERISHAJ,

       Petitioner,

v.

ALBERTO GONZALES, Attorney General,

       Respondent.

On Review from the Board of Immigration Appeals

_____/

BEFORE:    MARTIN and RYAN, Circuit Judges; and MARBLEY, District Judge.[*]

    RYAN, Circuit Judge.    The petitioner, Robert Berishaj, an alien from Montenegro, filed separate petitions in this court for review of two decisions by the Board of Immigration Appeals (BIA) regarding Berishaj's application for suspension of deportation.[1] We find no basis for disturbing the BIA's decisions and therefore deny both petitions for review.

**I.**

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]8 U.S.C. § 1254(a)(1) (repealed 1996). This relief has been replaced by a cancellation of removal proceeding, 8 U.S.C. § 1229b, but Berishaj was eligible under the old form of relief because his proceedings began before this change in the law became effective. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309, 110 Stat. 3009-626.

After lengthy administrative proceedings, Berishaj, who is indisputably eligible for deportation, filed an application asking that his deportation be suspended. On August 25, 2003, after a hearing, an Immigration Judge (IJ) denied Berishaj's application. Berishaj, with the "assistance" of a notoriously inept attorney, appealed the IJ's decision to the BIA. The lawyer filed a Form EOIR-26, which served as a notice of appeal and contained the lawyer's promise to submit a brief elaborating on the grounds for appeal. When the promised brief was not filed, the BIA summarily dismissed the appeal. Berishaj then filed a timely petition for review with this court.

With the assistance of a new and well-qualified attorney, Berishaj also filed a timely motion to reopen. The motion claimed that Berishaj had been denied due process of law because his former lawyer's failure to file the appellate brief amounted to ineffective assistance of counsel. The BIA denied the motion on the ground that Berishaj made no showing that the ineffectiveness of his counsel, in failing to file the promised brief, resulted in prejudice of the kind that warranted reopening the appeal. Berishaj filed a petition asking this court to review the denial of his motion to reopen.

## II.

We review a summary dismissal by the BIA for an abuse of discretion. Huicochea-Gomez v. INS, 237 F.3d 696, 701 (6th Cir. 2001). Under this standard, the reviewing court may reverse when it has a "firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." McBee v. Bomar, 296 F.2d 235, 237 (6th Cir. 1961).

While ordinarily we review BIA rulings on motions to reopen for an abuse of discretion, we review an ineffective assistance of counsel claim de novo. Sako v. Gonzales, 434 F.3d 857, 863 (6th Cir. 2006).

### III.

When an attorney has indicated on the BIA appeal form that a brief is forthcoming, but nevertheless does not submit the brief and fails to explain the lack of filing within the allotted time for submission, the BIA has authority to dismiss the appeal summarily. 8 C.F.R. § 1003.1(d)(2)(i)(E). Since Berishaj's attorney failed to submit a brief after indicating he would do so and did not make any explanation regarding this failure, the BIA acted within its authority in summarily dismissing the appeal and we cannot say that the BIA abused its discretion. See Huicochea-Gomez, 237 F.3d at 701. And, the rule is not otherwise simply because the failure to file the promised brief is attributable to the ineffectiveness of counsel. That claim is properly raised in a motion to the BIA to reopen the case. Sswajje v. Ashcroft, 350 F.3d 528, 533 (6th Cir. 2003) (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)).

### IV.

When, as in this case, a motion to reopen is based on a claim of ineffective assistance of counsel, the petitioner, in addition to meeting certain procedural requirements that are not at issue here, must show that the BIA's order of dismissal resulted in prejudice to the petitioner or fundamental unfairness. Sako, 434 F.3d at 863 (citing Huicochea-Gomez, 237 F.3d at 699). To make either showing, the petitioner must prove that, "but for the ineffective assistance of counsel, he would have been entitled to

continue residing in the United States." Id. at 864. In other words, "[a]n alien's lost opportunity to appeal an adverse decision in a removal proceeding, because of ineffective assistance of counsel, cannot form the basis of a due process claim unless the appeal itself would have succeeded." Id. at 866.

Berishaj has not offered any evidence that his appeal would have succeeded had it been considered on the merits. He does not introduce any new evidence or address any of the four factors the IJ relied upon in exercising his discretion to deny Berishaj's request for a suspension of deportation, to wit: failure to pay taxes; failure to register for selective service; a pending criminal charge; and failure to submit documentary evidence at the hearing on his application for suspension of deportation. Berishaj does not even argue, let alone prove, how or why the BIA would have been compelled to consider his appeal on the merits and rule in his favor. He argues only that he has been denied an opportunity to appeal, which is not the "prejudice" this court has held is necessary to have his case reopened. See id. at 865 (quoting Ljucovic v. Gonzales, 144 Fed. Appx. 500, 504-05 (6th Cir. 2005), petition for cert. filed, 74 USLW 3572 (U.S. Mar. 30, 2006) (No. 05-1265)). As a consequence of these omissions, the BIA was offered no basis to infer that if Berishaj's appeal had been considered on the merits he could have shown that he was entitled to remain in the country.

**V.**

We have no grounds to hold that the BIA misapplied the law or abused its discretion in dismissing Berishaj's appeal and denying his motion to reopen.

The petitions are **DENIED**.