KAREN NELSON MOORE, Circuit Judge,
concurring.
I concur in the majority opinion. I write separately to highlight our circuit’s unnecessarily harsh prejudice standard for ineffective-assistance-of-counsel claims raised by aliens under the Due Process Clause of the Fifth Amendment.
As the majority correctly notes, to establish prejudice for an ineffective-assistance-of-counsel claim in our circuit based on the Due Process Clause an alien must show that “but for the ineffective assistance of counsel, he would have been entitled to continue residing in the United States.” Sako v. Gonzales, 434 F.3d 857, 864 (6th Cir.2006). Thus, an alien must show definitively that he or she would have received relief absent counsel’s error. Our circuit’s demanding test for a showing of prejudice sets that bar far higher than most other circuits, which require only a showing of a reasonable probability that the outcome of the proceeding would have been different had counsel been effective. See, e.g., Fadiga v. Attorney Gen. of the United States, 488 F.3d 142, 159 (3d Cir.2007) (holding that, to show prejudice, an alien must demonstrate “a reasonable likelihood that the result [of the immigration proceedings] would have been different” absent counsel’s error (internal quotation marks omitted)); Saakian v. I.N.S., 252 F.3d 21, 25 (1st Cir.2001) (holding that an alien must “show at least a reasonable probability of prejudice”); Obleshchenko v. Ashcroft, 392 F.3d 970, 972 (8th Cir.2004) (holding that, in order to establish prejudice, aliens must “show[ ] that their attorney’s performance was so inadequate that it may well have resulted in a deportation that would not otherwise have occurred” (internal quotation marks omitted) (emphasis added)); Dakane v. United States Attorney Gen., 399 F.3d 1269, 1274 (11th Cir.2005) (“Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney’s error, the outcome of the proceedings would have been different.”); Mohammed v. Gonzales, 400 F.3d 785, 794 (9th Cir.2005) (holding that an alien need *547 “demonstrate only that she has plausible grounds for relief’ to show prejudice). But see Miranda-Lores v. I.N.S., 17 F.3d 84, 85 (5th Cir.1994) (requiring an alien to make a prima facie showing that, but for counsel’s failure, he would have been entitled to relief). Unlike our circuit, the prevailing standard does not require an alien to prove with absolute certainty that he or she would have received the relief sought.
A difference in standards between our circuit and other circuits would be understandable and likely justifiable if our standard were based on sound logic or precedent. However, the first case in our circuit to establish the prejudice standard at issue, Huicochea-Gomez v. I.N.S., 237 F.3d 696 (6th Cir.2001), cited no Sixth Circuit or Supreme Court case in support of its grueling test. See id. at 699-700. In fact, Huicochear-Gomez’s analysis of the prejudice issue is confined to one eon-clusory sentence. See id. (“To prevail, the Huicocheas must establish that but for [counsel’s] legal advice, they would have been entitled to continue residing in the United States.” (emphasis added)). Once Huicochea-Gomez announced its binding test for prejudice, subsequent panels were compelled to follow it and offered no further analysis. See, e.g., Sako, 434 F.3d at 864; Ljucovic v. Gonzales, 144 Fed.Appx. 500, 503 (6th Cir.2005); Denko v. I.N.S., 351 F.3d 717, 724 (6th Cir.2003). Thus, our circuit subjects aliens to a standard more harsh than that of our sister circuits without any analytical foundation to warrant the disparity. Such a practice is unwise, particularly given the importance of claims of ineffective assistance of counsel in immigration proceedings, as evidenced by the issuance of two Attorney General opinions on the matter within months of each other. See Matter of Compean, 24 I. & N. Dec. 710 (A.G.), vacated by 25 I. & N. Dec. 1 (A.G.2009).
Most circuits with less-stringent standards have based their prejudice analysis on the “reasonable probability” standard stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that is applicable to Sixth Amendment ineffective-assistance-of-counsel claims raised by criminal defendants. See, e.g., Obleshchenko, 392 F.3d at 972 (noting that its prejudice “standard is akin to the requirement under the sixth amendment that there be ‘a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different’ ” (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052)); Hernandez v. Reno, 238 F.3d 50, 56 (1st Cir.2001) (applying the Strickland “reasonable probability” standard); Fadiga, 488 F.3d at 158-59 (applying a “reasonable likelihood” standard based on Strickland’s “reasonable probability” standard). Such reliance provides a logical justification for subjecting aliens to this lower prejudice hurdle. Our heightened standard lacks any such justification.
In view of the complete lack of analytical foundation to support the Sixth Circuit’s harsh rule and the contrary views of numerous other circuits, we should reexamine our standard in an appropriate case en banc. Because Zhuang cannot show prejudice under either the stringent Huicochea-Gomez standard or the more appropriate reasonable-probability standard, however, and because we are bound by Huieochea-Gomez until overturned by this court sitting en banc or by the Supreme Court, I concur in the majority opinion.