**Alfons LULAJ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3783.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before: KEITH, COLE, and COOK, Circuit Judges.

## ORDER

Alfons Lulaj, a native and citizen of Albania, petitions for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny Lulaj's application for asylum or withholding of deportation, pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lulaj entered the United States without inspection in April 1995 and applied for asylum in November 1996. The Immigration and Naturalization Service began proceedings against him in January 1997. Lulaj conceded deportability. The IJ held a hearing in September 1998. Lulaj agreed to withdraw his asylum application and apply for voluntary departure, but the IJ held a hearing on the merits of Lulaj's asylum claim after Lulaj stated that he feared returning to Albania. Lulaj testified that he was arrested, imprisoned, beaten, and tortured by the government in 1989 and 1990 because of his brother's political statements. The IJ found that

Lulaj was not credible and that he had not shown either past persecution or a well-founded fear of persecution if he returned to Albania. The IJ also denied Lulaj's request for voluntary departure. Lulaj appealed to the BIA. and the BIA affirmed the IJ's decision without opinion. Lulaj filed a timely petition for review.

In his petition for review, Lulaj argues that: (1) his testimony was credible; (2) he established a well-founded fear of persecution: and (3) he established merit for voluntary departure.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The asylum applicant has the burden of establishing that he qualifies as a refugee either because of past persecution or a well-founded fear of future persecution. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003). "An applicant's fear of persecution must be both subjectively genuine and objectively reasonable." *Mikhailevitch*, 146 F.3d at 389.

Upon review, we conclude that Lulaj's petition for review must be denied because the IJ's decision was supported by substantial evidence. Lulaj testified that he was arrested after his brother expressed dissatisfaction with the Albanian government. During his nine months in prison, Lulaj was beaten fifteen times, deprived of food and medical care, and kept in the dark. He was released subject to a one-year period of probation or parole. Lulaj testified that he entered Italy in 1991 and lived there for four years, depending on a Catholic church in Rome for food and shelter because he had no family there. In 1995, Lulaj obtained a false Bulgarian passport and traveled to Toronto, Canada. From there, he entered the United States. He testified that he was afraid that he would be arrested or killed if he returned to Albania.

On cross-examination, the INS brought out discrepancies between Lulaj's application, his testimony before the IJ, and his statements to an asylum officer in December 1996. The INS used the 1996 report by the asylum officer to bring out the fact that Lulaj's brother worked for a government agricultural agency after his release from prison, and that Lulaj farmed on government-owned property after his own release. According to the asylum officer, Lulaj told him that he lived with relatives when he was in Italy and that his father paid a large sum of money to obtain verification of Lulaj's imprisonment.

Whether or not Lulaj was credible, his evidence did not compel a finding of a well-founded fear of persecution. *See Elias–Zacarias*, 502 U.S. at 481, 484. He was imprisoned not because of his own political activities but because of his brother's, and did not indicate that the Albanian government targeted his family. *Cf. Andriasian v. INS*, 180 F.3d 1033, 1042 (9th Cir.1999). Indeed, he acknowledged that his brother was employed by the government after his release from prison. Lulaj testified that he knew of other people who had been persecuted upon their return to Albania, but did not identify any or present any evidence to corroborate his testimony. Moreover, as indicated in the State Department report, the political climate has

changed for the better from the time Lulaj left in 1991. In sum, Lulaj did not show that he had a reasonable fear of persecution if he were to return to Albania. *See Ouda,* 324 F.3d at 451; *Mikhailevitch,* 146 F.3d at 389. Because Lulaj did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

■ We also conclude that the petition for review must be denied with respect to Lulaj's request for voluntary departure. Under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), courts lack jurisdiction to review discretionary decisions to deny voluntary departure. IIRIRA § 309(c)(4)(E); *Tamas–Mercea v. Reno,* 222 F.3d 417, 427 (7th Cir.2000). In this case, the IJ denied voluntary departure "as a matter of discretion" based upon the determination that Lulaj was not credible, that he used a smuggler to gain illegal entry into the United States, and that he submitted an application to prolong his stay without credible grounds. We lack jurisdiction to review the IJ's discretionary decision.

For the foregoing reasons, we deny Lulaj's petition for review.