NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0364n.06

No. 08-3368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 26, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ENRIQUE MORALES-FLORES, and BEATRIZ MARTINEZ-MARQUEZ, | ) ) ) | |
| *Petitioners*, | ) ) | |
| v. | ) ) | On Petition for Review from the Board of Immigration Appeals |
| ERIC H. HOLDER, U.S. Attorney General, | ) ) | O R D E R |
| *Respondent*. | ) ) ) ) | |

Before: COLE and CLAY, Circuit Judges; and Cleland, District Judge.[*]

**CLAY, Circuit Judge.** Petitioners, Enrique Morales-Flores ("Morales-Flores") and Beatriz Martinez-Marquez ("Martinez-Marquez"), challenge the order of the Board of Immigration Appeals ("Board" or "BIA") affirming the denial of their applications for cancellation of removal and their motions for voluntary departure. Petitioners challenge the Board's order on various grounds, alleging that the Board's decision violates their Fifth Amendment Due Process rights. For the reasons set forth herein, we DENY Petitioners request for the review.

**I.**

---

[*]The Honorable Robert H. Cleland, United States District Court for the Eastern District of Michigan, sitting by designation.

Petitioners are both natives and citizens of Mexico. Morales-Flores illegally entered the United States in 1990, whereas Martinez-Marquez was admitted to the United States in 1993 as a non-immigrant for pleasure and remained in the United States for a period longer than authorized under her visa. Petitioners have three U.S. citizen children (now ages 12, 9, and 8). Citing family hardship, Petitioners individually applied for cancellation of removal and adjustment of status under 8 U.S.C. § 1229b(1).[2]

At their removal hearing, Petitioners admitted all of the factual allegations contained in their notices to appear and conceded the charges of removability. Petitioners subsequently appeared before the immigration court seeking cancellation of removal. On May 24, 2006, the immigration judge ("IJ") denied Petitioners' applications for cancellation of removal and also denied their requests for voluntary departure. As to Morales-Flores, the IJ found that he failed to establish good moral character and thus did not meet the requirements for consideration of cancellation of removal. The IJ also noted that he would deny Morales-Flores' cancellation request as a matter of discretion. As to Martinez-Marquez, the IJ found that although she met the other statutory requirements for cancellation of removal, her removal to Mexico would not present the requisite "exceptional and extremely unusual hardship" to her U.S. citizen children. In reaching that conclusion, the IJ found

---

[2]To establish eligibility for the *discretionary* relief of cancellation of removal, an alien must demonstrate that: (1) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (2) has been "a person of good moral character" during that period; (3) has not been convicted of certain enumerated offenses; and (4) establishes that removal would result in "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(1).

that Petitioners' children were healthy and Spanish speaking, Petitioners have a large family in Mexico, and Petitioners had a reasonable amount of cash available to defray their anticipated relocation expenses. (App'x 43-46.)

The IJ also denied Petitioners' request for voluntary removal on the ground that Petitioners failed to produce valid identification documents that would permit their voluntary return to Mexico. In support of his request for voluntary removal, Morales-Flores claimed that he had a birth certificate, but did not produce it at his removal proceedings. In support of her request for voluntary departure, Martinez-Marquez produced an untranslated document which she alleged was a birth certificate, as well as an expired passport. After having the document translated, the IJ found that the purported birth certificate "was more like a marriage certificate than anything else." (App'x 47.) After examining Martinez-Marquez's proffered documents, the IJ concluded that she failed to "demonstrate[] by clear and convincing evidence that she has the means and intent to depart the United States because she has not produced a travel document sufficient to assure the lawful entry into the country to which she might be departing." (App'x 47-48.)

On appeal, the BIA affirmed the IJ's denial of Petitioners' applications for cancellation of removal and requests for voluntary departure. Although noting that Petitioners presented "sympathetic circumstances," the BIA concluded that the IJ properly found that Petitioners did not satisfy the exceptional circumstances requirement for cancelling removal because their children were "healthy and had no special or unusual needs." (App'x 67.) The Board also affirmed the IJ's denial of voluntary departure, concluding that the IJ's ruling "was not effectively contested on appeal." (App'x 67.) Finally, because the BIA resolved the cancellation of removal claim on other dispositive

grounds, it declined to reach Morales-Flores' claim that the IJ made erroneous factual findings in concluding that he lacked the requisite good moral character. (App'x 67.)[3]

This timely petition for review followed.

## II.

The Immigration and Nationality Act "specifically divests jurisdiction of a court to review judgments regarding the granting of discretionary relief, including the cancellation of removal." *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005) (citing 8 U.S.C. § 1252(a)(2)(B)). Section 1252(a)(2)(D), however, clarifies that subsection B does not preclude this Court from reviewing constitutional claims or questions of law. "Thus, while our jurisdiction is limited with respect to voluntary departure determinations, where voluntary departure raises a constitutional or legal question, we retain jurisdiction." *Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006). The denial of relief based on a "non-discretionary factual determination" also is properly subject to appellate review. *Santana-Albarran*, 393 F.3d at 703.

Although the government continues to contest this point, this Court has recognized that "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). To establish a Fifth Amendment violation, however, an alien petitioner bears the burden of

---

[3]After petitioning this Court for review, Petitioners moved this Court to stay their removal. The government opposed Petitioners' motion, and cross-moved to dismiss Petitioners' petition for review for lack of jurisdiction. On June 13, 2008, a prior panel of this Court granted Petitioners' motion for stay of removal and denied the government's motion to dismiss.

demonstrating "fundamental unfairness" in his or her removal proceedings, and thus must show that a defect in the removal proceedings "might have led to a denial of justice." *Id.* (citation omitted).

This Court reviews alleged due process violations under a *de novo* standard of review. *See Gaza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2005); *Vasha v. Gonzales*, 410 F.3d 863, 872-73 (6th Cir. 2005). That standard applies equally to alleged due process violations based upon the manner in which an immigration judge or the BIA conducts a deportation hearing. *See Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998). Therefore, we must review *de novo* the BIA's determination that Petitioners failed to "effectively contest" the IJ's denial of their request for removal.

Although we review legal determinations *de novo*, *see Harchenko v. INS*, 379 F.3d 405, 409 (6th Cir. 2004), the IJ's factual determination regarding the adequacy of Petitioners' identification documents is reviewed under the substantial-evidence test, *Santana-Albarran*, 393 F.3d at 705. Under that test, "in order to reverse the BIA's factual determinations, the reviewing court must find that the evidence not only supports a contrary conclusion, but indeed *compels* it." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992) (emphasis in original). The substantial evidence standard is set by the statutory scheme, which provides that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"When the Board adopts the decision of the IJ in lieu of issuing its own opinion, we review the IJ's decision as the final agency decision." *Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003); *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005). Where, as here, the Board adopts and affirms

the IJ's opinion, but provides additional reasons for its ruling, we review the IJ's decision as well as the Board's additional rationale. *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008) (citing *Gila v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005)).

**III.**

Petitioners assert a number of claims alleging Due Process violations by the BIA, including that the Board denied Morales-Flores a fundamentally fair hearing by failing to consider the IJ's conclusion that he lacked the requisite good moral character to warrant consideration for cancellation of removal, that the Board and IJ applied an overly restrictive test for determining whether they had demonstrated circumstances that supported cancellation of removal, and that the Board improperly failed to submit their claims to a three-judge panel. Petitioners allege that, as a result of these various defects, the Board denied them the fundamentally fair hearing they are guaranteed under the Fifth Amendment. Although we have recognized that Due Process protections extend to aliens in their removal hearings, an alien petitioner "first must show that the BIA's failure to consider [their] voluntary departure claim deprived [them] of a liberty interest." *Patel*, 470 F.3d at 220.

As this Court repeatedly has recognized, a decision denying voluntary departure is a form of discretionary relief. *See Patel*, 470 F.3d at 220; *Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004); *Lulaj v. INS*, 71 F. App'x 524, 526 (6th Cir. 2003) (unpublished opinion). Because the denial of a request for cancellation of removal or voluntary departure is discretionary, this Court has held that the denial of such relief "'does not amount to a deprivation of a liberty interest.'" *Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004) (quoting *Huicochea-Gomez*, 237 F.3d at 700). Because Petitioners

cannot demonstrate a liberty interest in the denial of their requested relief, they cannot prevail on a due process claim. *See Patel*, 470 F.3d at 220.

**IV.**

In addition to lacking a liberty interest in their requested relief, Petitioners' claims would fall on other grounds as well.

First, there is no merit to Petitioners' claim that the BIA erred in concluding that they did not "effectively contest" the IJ's denial of their request for voluntary departure. In their Notice of Appeal to the BIA, Petitioners did challenge the IJ's decision regarding their cancellation of removal claim generally, but they did not raise any issue regarding the IJ's particular findings regarding their proffered documents. (App'x 49-62.) Although Petitioners' brief to the BIA did address the issue, it did not provide much by way of argument on this issue.[4] Petitioners' brief merely noted the documents that were presented to the IJ and offered a conclusory suggestion that Martinez-Marquez would have been admitted to Mexico based on these documents. Petitioners did not address the factual findings of the IJ regarding those documents,[5] nor did Petitioners contest the IJ's conclusion

---

[4]In fact, Petitioners' entire argument amounted to three sentences: "The Immigration Judge wrongfully denied voluntary departure to the Respondent-wife based upon her not having produced a travel document sufficient to assure the lawful entry into the country to which she might be departing. She had submitted a family certificate to the court and an expired Mexican passport. Based on those documents, she would have been given lawful entry into Mexico." (App'x 306.)

[5]For instance, Petitioners' brief did not respond to the IJ's determination that Martinez-Marquez's purported birth certificate "was more like a marriage certificate than anything else." Nor did Petitioners ever attempt to overcome Morales-Flores' failure to proffer any documentation to support his request for voluntary departure.

that they failed to demonstrate their "intent" to depart. On this record, we find no error in the Board's finding that Petitioners' did not "effectively contest" this issue.

Second, Morales-Flores challenges the Board's failure to consider his claim that the IJ erred in concluding that he lacked the requisite "good moral character" to be eligible for consideration of cancellation of removal. The BIA, however, declined to reach that claim because it resolved his appeal on other dispositive grounds. Even if we were inclined to find that the IJ's factual determination was erroneous, Morales-Flores can show no Due Process violation in the BIA's decision not to reach an alternative basis for its holding, and certainly none that amounts to fundamental unfairness.

Third, Petitioners challenge as "overly restrictive" the IJ's application of the requisite "exceptional and extremely unusual hardship" standard in considering their application for the cancellation of removal on the basis of family hardship. Under 8 U.S.C. § 1229b, the Board "*may cancel removal*" where the alien satisfies certain criteria, including "establish[ing] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D) (emphasis added). The BIA applies this standard narrowly in reviewing a request for cancellation of removal. *See, e.g.*, *In re Recinas*, 23 I. & N. Dec. 467, 470-72 (BIA 2002) (finding a "high threshold" hardship standard satisfied where the alien was a single mother with six children, four of whom were United States citizens, and she had no close relatives in Mexico, her entire family lived in the United States, including parents who were her children's caretaker, and she had no available means of support); *In re Andazola-Rivas*, 23 I. & N. Dec. 319,

322 (BIA 2002) (acknowledging that there was "no doubt that [alien mother] and her children will suffer some hardship upon moving to Mexico," but concluding that the presence of the father and savings of "about $7,000" would help defray burden of the transition); *In re Monreal*, 23 I. & N. Dec. 56, 59 (BIA 2001) (concluding that the "legislative history also plainly states that Congress intended to tighten the hardship standard," and thus requiring an alien to "'provide evidence of harm to his spouse, parent, or child substantially beyond that which ordinarily would be expected to result from the alien's deportation'" (quoting H.R. Conf. Rep. No. 104-828)). In each of these cases, the Board examined the same factors that the IJ reviewed here. Petitioners thus cannot demonstrate that the Board or IJ applied this standard inconsistently.

Petitioners also fail to provide any support for their contention that the IJ's application of this standard was "too restrictive based upon the Congressional history of the legislation." (Pet'rs Br. at 18.) On the contrary, the record demonstrates that the IJ properly considered the health and needs of Petitioners' children, the presence of family in Mexico to help support the children, and Petitioners' financial assets. Although Petitioners may disagree with the IJ's conclusions, we cannot find legal error in that analysis, and there is nothing to suggest that it is not supported by the available evidence. On this record, we cannot conclude that the IJ's application of the requisite standard was "overly restrictive." Whether we may disagree with the IJ's conclusions is irrelevant where the IJ's consideration of the hardship factors comports with the language of the statute and precedential decisions applying that provision.

Finally, Petitioners claim that the Board committed procedural error by failing to submit their appeals to a three-judge panel. That claim also must fail. Although this Court has yet to determine

whether an alien may challenge under the Administrative Procedure Act the Board's use of a streamlined review process, *see Vasha v. Gonzales*, 410 F.3d 863, 876 (6th Cir. 2005) (noting that the issue "remains an open question" in this circuit, and declining to reach the issue), this Court previously has concluded that the streamlined review process employed by the BIA does not violate Due Process, *Lumaj v. Gonzales*, 462 F.3d 574, 576 (6th Cir. 2006) (citing *Denko v. INS*, 351 F.3d 717, 729 (6th Cir. 2003)). In any event, Petitioners cannot show that this alleged defect resulted in prejudice or fundamental unfairness. *See Ndrecaj v. Mukasey*, 522 F.3d 667, 673 (6th Cir. 2008); *Huicochea-Gomez*, 237 F.3d at 699 ("To constitute fundamental unfairness, however, a defect in the removal proceedings must have been such as might have led to a denial of justice.").

**V.**

For the foregoing reasons, we hereby **DENY** Petitioners' petition for review.