<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>
File Name: 15a0351n.06

No. 14-3416

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 11, 2015
DEBORAH S. HUNT, Clerk

ANZA-AMEN SOLOMON,               )
                                 )
        Petitioner,              )
                                 )   ON PETITION FOR REVIEW
v.                               )   FROM THE UNITED STATES
                                 )   BOARD OF IMMIGRATION
LORETTA E. LYNCH, U.S. Attorney  )   APPEALS
General,                         )
                                 )
        Respondent.              )
                                 )

BEFORE: BOGGS, SILER, and CLAY, Circuit Judges.

PER CURIAM. Anza-Amen Solomon, a native and citizen of Tanzania, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. We deny the petition for review.

Solomon entered the United States in 1995 on a student visa. In 2009, the Department of Homeland Security served Solomon with a notice to appear in removal proceedings, charging him with remaining in the United States for a time longer than permitted by his visa. *See* 8 U.S.C. § 1227(a)(1)(B). Solomon filed an application for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. *See* 8 U.S.C. § 1229b(b)(1). After a hearing, an immigration judge (IJ) denied the application, concluding that Solomon was statutorily ineligible for cancellation of removal because he lacked good moral character and because he failed to establish the requisite hardship.

The IJ alternatively denied the application as a matter of discretion based on Solomon's admittedly fraudulent marriage, his efforts to obtain immigration benefits through that marriage, and his attempts to hide that marriage from the immigration court. Solomon appealed the IJ's decision. The BIA agreed with the IJ that Solomon had failed to show that he merited cancellation of removal as a matter of discretion and dismissed the appeal. This petition for review followed.

We lack jurisdiction to review the discretionary denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction, however, to review "constitutional claims or questions of law" as well as non-discretionary decisions. 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008).

Solomon contends that the BIA violated his due-process rights by declining to consider whether he had established that his removal to Tanzania would result in exceptional and extremely unusual hardship to his United States citizen children. The BIA did not discuss Solomon's statutory eligibility for cancellation of removal and instead upheld the IJ's alternative decision to deny Solomon's application as a matter of discretion. Solomon has failed to demonstrate that the BIA's decision to affirm the denial of his application for cancellation of removal on one of two alternative dispositive grounds amounted to a due-process violation. *See Morales-Flores v. Holder*, 328 F. App'x 987, 991 (6th Cir. 2009) (holding that the petitioner could "show no Due Process violation in the BIA's decision not to reach an alternative basis for its holding, and certainly none that amounts to fundamental unfairness").

Solomon also argues that the BIA failed to follow its own precedent in dismissing his appeal from the denial of his application for cancellation of removal. *See Aburto-Rocha*, 535 F.3d at 503 (stating that the BIA's "adherence to precedent is a non-discretionary act"). If

the BIA had followed its own precedent, Solomon contends, he would have been granted cancellation of removal because he satisfies the statutory requirements. Solomon ignores the fact that the BIA upheld the IJ's denial of his application as a matter of discretion and did not reach his statutory eligibility for cancellation of removal.

For the foregoing reasons, we deny Solomon's petition for review.