**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0363n.06

No. 16-4219

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BLANCA GARCIA-MORQUECHO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, Attorney | ) | APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FILED**
Jun 23, 2017
DEBORAH S. HUNT, Clerk

BEFORE: SILER, McKEAGUE, and WHITE, Circuit Judges.

PER CURIAM. Blanca Garcia-Morquecho petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As set forth below, we deny Garcia-Morquecho's petition for review.

Garcia-Morquecho, a native and citizen of Ecuador, entered the United States by crossing the border at Hidalgo, Texas, in October 2014. Shortly after her entry, agents with the Department of Homeland Security (DHS) arrested and detained Garcia-Morquecho. An asylum officer found that Garcia-Morquecho had demonstrated a credible fear of persecution based on political opinion. The DHS subsequently served Garcia-Morquecho with a notice to appear in removal proceedings, charging her as an immigrant who, at the time of application for admission, was not in possession of an immigrant visa or other entry document. *See* 8 U.S.C.

§ 1182(a)(7)(A)(i)(I).   Following her release on bond, Garcia-Morquecho appeared before an immigration judge (IJ) and conceded removability as charged.

Garcia-Morquecho filed applications for asylum, withholding of removal, and CAT protection, claiming persecution in Ecuador due to her political activities.   At the merits hearing, Garcia-Morquecho testified that she joined the Pachakutik political party and became the party's secretary in March 2014.   According to Garcia-Morquecho, she was attacked twice based on her membership in the Pachakutik party.   On August 10, 2014, and again on August 15, 2014, the same two men attacked Garcia-Morquecho while she was walking, beating her and threatening to kill her because of her work as secretary for the Pachakutik party.   Garcia-Morquecho, who left Ecuador in September 2014, testified that she fears that she will be attacked again or killed if she returns.

Following the merits hearing, the IJ denied Garcia-Morquecho's applications for relief and ordered her removal to Ecuador.   The IJ found that Garcia-Morquecho was not a credible witness because her testimony was internally inconsistent and inconsistent with other evidence in the record.   According to the IJ, Garcia-Morquecho had therefore failed to meet her burden of proof for asylum, withholding of removal, and CAT protection.   Garcia-Morquecho filed an untimely appeal, which the BIA dismissed.   The BIA subsequently granted Garcia-Morquecho's motion for reconsideration and reinstated her appeal.   Upholding the IJ's adverse credibility determination after reviewing its factual basis, the BIA dismissed Garcia-Morquecho's appeal.

This timely petition for review followed.   Garcia-Morquecho argues that her credible testimony and corroborating evidence established her eligibility for asylum, withholding of removal, and CAT protection and that the IJ violated her due process rights by admitting evidence that had not been disclosed to her prior to the merits hearing.

"Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review the adverse credibility determination for substantial evidence, reversing "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). "Under the REAL ID Act, credibility determinations are based on the 'totality of the circumstances' and take into account 'all relevant factors.'" *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We review de novo Garcia-Morquecho's due process allegations. *See Bi Qing Zheng v. Lynch*, 819 F.3d 287, 296 (6th Cir. 2016).

In upholding the IJ's adverse credibility determination, the BIA relied on three inconsistencies cited by the IJ. Our review focuses on those inconsistencies. *See Marouf v. Lynch*, 811 F.3d 174, 181 (6th Cir. 2016) ("[T]he conclusions of the IJ that were adopted by the Board . . . are the proper foci of review."). First, Garcia-Morquecho testified that she applied for a visa to come to the United States *after* she was attacked on August 10, 2014. When confronted with her visa application, which was signed on July 10, 2014, and submitted on August 8, 2014, *before* the attacks, Garcia-Morquecho claimed that she forgot when she applied for the visa. The IJ found it implausible that Garcia-Morquecho would not remember whether she applied for the visa before or after the attacks, "especially since all of those events should have been memorable and occurred just over one year ago." Second, in her written application, Garcia-Morquecho indicated that she provided cleaning services for a business called Fopeca until March 2014, when she began working as secretary for the Pachakutik party. Garcia-Morquecho testified that this employment information was accurate and that, after March 2014, her only job was secretary for the party. When confronted with her visa application, which stated that her present employer

was Fopeca and did not mention the Pachakutik party, Garcia-Morquecho admitted that she was working for Fopeca in August 2014 and claimed that she did not remember because she was traumatized. The IJ found that Garcia-Morquecho's explanation was unpersuasive and that she was "exaggerating by trying to make it sound like her work with the party was a full-time job." Third, when asked if anyone else in her particular group within the Pachakutik party had been harmed, Garcia-Morquecho responded that "[w]e all have been torture[d] and beaten in different ways." Upon further questioning, Garcia-Morquecho admitted that she did not know if anyone in her particular group had been harmed.

Garcia-Morquecho contends that she provided explanations for these inconsistencies and that the BIA failed to account for the passage of time, her traumatic experiences, and her difficulty understanding questions. As the IJ pointed out, these inconsistencies pertained to significant events that occurred a little over a year before the hearing. The record belies Garcia-Morquecho's claim that her inconsistent testimony resulted from misunderstanding questions. The DHS attorney repeatedly followed up with questions to clarify Garcia-Morquecho's testimony.

The BIA also agreed with the IJ that the three corroboration letters submitted by Garcia-Morquecho are unreliable because the letters use similar language and fail to provide the basis of the authors' knowledge. Two of the letters use identical language, while the third letter uses similar wording to the others. The third letter, which was from Garcia-Morquecho's friend Andrea who purportedly witnessed the second attack, is particularly suspect in its lack of detail regarding what happened in the attack and its lack of certainty regarding the identities, affiliations, or motivations of the attackers.

Given the cited inconsistencies and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. That determination is fatal to Garcia-

Morquecho's claims for asylum, withholding of removal, and CAT protection. *See Slyusar v. Holder*, 740 F.3d 1068, 1072 (6th Cir. 2014); *Shan Sheng Zhao v. Holder*, 569 F.3d 238, 249 (6th Cir. 2009).

Garcia-Morquecho asserts that the IJ violated her due process rights by admitting the visa application because it had not been disclosed to her before the merits hearing. "Fifth Amendment guarantees of due process extend to aliens in [removal] proceedings, entitling them to a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). "When reviewing alleged due process violations in removal hearings, we must determine 'whether there was a defect in the removal proceeding . . . [and] whether the alien was prejudiced because of it.'" *Bi Qing Zheng*, 819 F.3d at 296 (quoting *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005)) (alterations in original).

In removal proceedings, "the alien shall have a reasonable opportunity to examine the evidence against the alien." 8 U.S.C. § 1229a(b)(4)(B). Garcia-Morquecho asserts that she did not have a reasonable opportunity to examine the visa application because it was not disclosed before the merits hearing. The BIA rejected Garcia-Morquecho's argument on the basis that the DHS used the visa application for impeachment purposes. *See* Immigr. Ct. Practice Manual § 3.1(b)(ii)(A) (exempting impeachment and rebuttal evidence from disclosure requirements). Garcia-Morquecho contends that the DHS used the visa application to demonstrate her immigrant intent and not to impeach her testimony. Impeachment evidence is generally defined as "[e]vidence used to undermine a witness's credibility." *Evidence*, Black's Law Dictionary (10th ed. 2014). The DHS used the visa application to impeach Garcia-Morquecho's testimony as to (1) when she applied for a visa (before or after the attacks) and (2) when she worked for Fopeca. The IJ recessed the hearing for approximately fifteen minutes to allow Garcia-Morquecho to review the visa application; she did not request more time for review. Garcia-

Morquecho also argues that she did not have the opportunity to cross-examine the travel agent who prepared the visa application. As the IJ pointed out, questioning the preparer would not have made a difference given that Garcia-Morquecho admitted the relevant facts when confronted with the visa application. Garcia-Morquecho has failed to demonstrate that there was a defect in the removal proceeding or that disclosure of the visa application before the hearing would have led to a substantially different outcome and accordingly that she was prejudiced by the lack of prior disclosure. *See Bi Qing Zheng*, 819 F.3d at 298.

For these reasons, we **DENY** Garcia-Morquecho's petition for review.